## STATE VS. DOLLING.

CRIMINAL LAW.   (1) *Effect of separation of jury on verdict in capital case.*
   (2) *Affidavits of jury denying improper conduct or influence, insufficient to negative prejudice to defendant.*   (3) Quære, *whether such negative can be established in any case.*

1. The separation of the jury during a trial for an offense formerly known as a capital offense, is a sufficient ground for setting aside a verdict of guilty and granting a new trial, unless it appears positively that such separation was not followed by improper conduct on the part of the jurors, or by any circumstances calculated to exert an improper influence on the verdict. *Keenan v. The State,* 8 Wis., 132, and *Rowan v. The State,* 30 id., 129, followed.

2. The affidavits of the jurors in this case, to support the verdict, state that in their separation they obeyed the instruction of the court not to converse respecting the trial or to remain in the hearing of others discussing it, and that they said and did nothing to prejudice the prisoner, and that no circumstances occurred to exert an improper influence on their verdict; but they do *not* deny that the jurors heard expressions of opinion concerning the prisoner, or his guilt, or the trial.   *Held,* that they are not sufficient in law to show that the prisoner was not prejudiced by the separation.

3. *Quære,* whether the negative required by the rule above stated can ever be sufficiently established to support a verdict of guilty in such a case.

State vs. Dolling.

REPORTED from the Circuit Court for *Portage* County.

Information for murder. Verdict, guilty of manslaughter in the third degree. A motion was made to set aside the verdict, and, in support thereof, was read the affidavit of one of the jurors, that the jury had been permitted by the court to separate at meal times and go wherever they saw fit, and did so. In opposition to the motion, the affidavits of the members of the jury were read, to the effect, that they had complied with the instructions of the court, in having no conversation with any person respecting the trial, and in not remaining in hearing when others were discussing the subject; and that nothing was said or done by any juror, so far as the knowledge of each extended, during the time of trial or separation, that could prejudice the defendant, and that no circumstance occurred calculated to exert an improper influence on the verdict. The affidavits of the district attorney and deputy sheriff were also read, to the effect, that the jury had, so far as they could observe, complied with the order of the court during separation. The motion was overruled, judgment suspended, and these questions certified to this court:

1st. Whether the separation of the jury, during the trial of said cause, is sufficient cause for setting aside the verdict and granting a new trial?

2d. Whether the affidavits filed in opposition to the said motion are sufficient in law to show that the defendant was in no wise prejudiced by such separation of the jury?

*The Attorney General*, for the state.

*E. L. Browne* and *J. O. Raymond*, for defendant, argued that the presumption was, that the error of law in permitting jurors to separate was prejudicial to the defendant, and that the affidavits did not overcome this presumption.

RYAN, C. J. The rule in *Keenan v. State*, 8 Wis., 132, was established as long ago as 1858. A strong appeal was made to this court in *Rowan v. State*, 30 id., 129, in 1872, to change

State vs. Dolling.

it; but the court refused to disturb it. What we might be disposed to do with it, were it *res integra*, is not material. The rule has prevailed too long to be questioned now.

And convictions in what are called capital cases cannot be sustained when the jury is permitted to separate during the trial, " unless it appears that the separation of the jurors was not followed by improper conduct on their part, nor by any circumstances calculated to exert an improper influence on the verdict."

We must confess that the exception appears to us more apparent than real. It is generally difficult to prove a negative. In this instance, there is peculiar difficulty in disproving misconduct of jurors; broader difficulty still in disproving any circumstances calculated to exert improper influence on their verdict.

Conceding the competency of the affidavits of the jurors themselves, how are jurors to make it appear that they were guilty of no misconduct? If they swear generally that they were not, they swear to a conclusion only, depending on their sense of what is improper; asking the court to be satisfied, because they are satisfied. Jurors are rarely, perhaps, willfully guilty of improper conduct to disturb their verdict. A well meaning juror who is unconsciously so guilty, will honestly deny it. An evil minded juror consciously so guilty, will be very apt to deny it. So that a juror's denial of the conclusion can weigh little. And the forms of improper conduct are so various, that it would be very difficult to deny them to the satisfaction of a court.

Circumstances calculated to exert improper influence on a verdict are so various and indefinite that it is hardly exaggeration to call them infinite. They may reach jurors consciously or unconsciously, directly or indirectly, in vast variety of ways, through their better or their worse qualities, in open court, in the closed jury room, or at large. How is a negative of such, during the dispersion of a jury, to appear to the satisfaction of

a court? We do do not say that it can not, but we confess that we do not see how.

In the present case, the learned judge of the circuit court took every precaution that could be taken, on the separation of the jury; but the separation, under the rule, was voluntary provocation of the necessity of almost impossible proof to uphold a verdict of guilty. And we think that, in such cases, the only safe course is to refuse to let the jury separate.

The affidavits of the jurors in this record, to support their verdict, state that in their separation they obeyed the instructions of the court not to converse respecting the trial, or to remain in the hearing of others discussing it, and that they said and did nothing to prejudice the prisoner, and that no circumstance occurred to exert improper influence on the verdict. And yet, this being all true, every juror may have gathered outside that there was a public belief of the prisoner's guilt and a public desire for his conviction, and been influenced by it. It is worthy of notice that the jurors do not deny hearing expressions of opinion concerning the prisoner, or his guilt, or his trial.

The other affidavits go to show that the jury was well behaved generally, and appeared to be faithful to their duty. These can go for little. And we have already indicated our opinion that the affidavits before us do not make the negative appear with sufficient legal certainty, in a case involving the liberty of a prisoner for life.

We therefore answer to the first question reported by the judge of the circuit court for the decision of this court, that the separation of the jury is sufficient cause for setting aside the verdict and granting a new trial; and to the second question reported, that the affidavits are not sufficient in law to show that the prisoner was not prejudiced by the separation.