SMITH, Respondent, vs. SHERWOOD and another, Appellants.

*February 27 — April 7, 1897.*

### Trial: Absence of judge.

The absence of the trial judge from the court room for any consider-
able time during the trial of a cause or the arguments to the jury,
without the consent of the parties, is a material error, for which
the judgment will be reversed and a new trial be ordered.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Reversed.*

This is an action for conversion of a sand pump, sand
scow, and appurtenances. The defendants justify the taking
of the property upon an execution issued upon a judgment
in their favor against one A. K. Smith. It appeared at the
trial that A. K. Smith and the plaintiff were brothers, and
in 1893 were partners, and owned the property in question
as partners, and used it in the business of pumping sand out
of the bay at Superior. The plaintiff claims that his brother,
A. K. Smith, largely overdrew his account, and that in May,
1894, they settled their partnership accounts, and that A. K.
Smith then transferred his share in the property in question
to the plaintiff, in consideration of the settlement and re-
lease by plaintiff of his claim for such overdraft, which
amounted, as claimed, to about $1,200. The defendants
claimed that the transaction was void as to them, because
they were then creditors of A. K. Smith, and that it was
fraudulent as to creditors. A verdict for the plaintiff for
$1,800 and interest was rendered, and from judgment thereon
the defendants appealed.

For the appellants there was a brief by *McCausland &
Smith* and *John Brennan,* and oral argument by *John Bren-
nan* and *E. F. McCausland.*

For the respondent there was a brief by *Crownhart, Owen
& Foley,* and oral argument by *W. R. Foley.*

WINSLOW, J.   The first contention made by the appellants is that the verdict is contrary to the evidence.  Examination of the record convinces us that there was sufficient evidence to sustain the verdict; hence this objection must be overruled.   There are forty-six other errors assigned by the appellants, some of which are again subdivided into lesser and more microscopic errors.   He would be an exceptional trial judge who could commit so many errors during the trial of one small case.   Many of the errors assigned are of a very trivial nature, and we shall dispose of all but one of them with the general remark that we discover nothing in them which would necessitate a reversal of the judgment.

The one error which remains to be discussed, however, is of a serious nature.   It appears by affidavits filed in support of the motion for a new trial that the trial judge was absent from the court room, in an adjoining room, for a considerable time during the closing arguments to the jury.   Upon one side it is claimed the judge was absent an hour and a half, and upon the other side it is claimed that the absence was only from twenty to thirty minutes.   However this may be, it is undisputed that he was absent for a considerable time. Counsel seem to have improved the time during the judge's absence to indulge in numerous acrimonious discussions. Objections were made to some of the statements made by the counsel who was addressing the jury, and in one instance, at least, the judge was sent for to rule upon the objection, which being done, he returned to the adjoining room.   It is claimed by the respondent that all such objections were taken down by the reporter, and are contained in the bill of exceptions, but it is claimed by the appellants that objections were made upon which there was no ruling. Of course, the trial judge could not certify to what took place during his absence from the room, and he does not attempt to do so; nor does he state whether he was within hearing, nor whether his absence was with consent of coun-

sel, as claimed by respondent, or not.   Herein is the vice of the matter.   The bill of exceptions is expected to tell the complete story of the trial, from start to finish, and to tell it with absolute correctness.   When the trial judge is absent, there is in reality no person or officer who can certify to this court as to what took place during that absence.   This court is, and must always remain, in doubt as to the matter; no satisfactory conclusion can be reached from the affidavits of opposing counsel; and thus this period remains a hiatus in the case.

. The presiding judge of a trial court is charged with the duty of trying the case from the opening to the close, and he ought not to abdicate his functions even for half an hour. During such an absence grave errors or abuses of privilege may occur, and this court may be left to the conflicting affidavits of overzealous attorneys or parties in interest to determine what in fact took place.   This court is not organized or authorized to try such questions, and we do not propose to do so.   It avails not to say that error must be affirmatively shown.   This is true, but, where the trial court has disabled itself from informing us as to what occurred, how is error to be shown save by affidavit?   We cannot but regard this long absence from the bench during an important part of the trial as an error which calls for a new trial.   We feel that we should be doing wrong· to sanction any such practice.   Such a rule, once established, would open the way to dangerous abuses, and break down one of the most valuable safeguards to litigants.   Thomp. Trials, § 955; *Brownlee v. Hewitt*, 1 Mo. App. 360; *State ex rel. Gehring v. Claudius*, 1 Mo. App. 551.

*By the Court.*— Judgment reversed, and action remanded for a new trial.