Caryl v. Buchmann, 177 Wis. 241.

---

CARYL, Respondent, vs. BUCHMANN, Appellant.

*April 14—May 9, 1922.*

Appeal: Statement of trial judge in decision: Absence of judge during argument: Absence of reporter: Argument of counsel.

1. Where the statements of the judge of the civil court of Milwaukee county in his decision denying a motion for a new trial, constituting a part of the record under Rule 6, that he was at all times within hearing of counsel during the argument to the jury, are only indirectly or inferentially challenged by affidavits, they must be taken as true.
2. Trial judges should at all times during the trial remain in the court room itself and preferably on the bench.
3. The fact that the trial judge stepped into the hallway adjoining the court room during the argument of counsel did not require a new trial, while he was within hearing and ruled on all objections made. *Smith v. Sherwood,* 95 Wis. 558, distinguished.
4. Defendant's failure to except to statements made by plaintiff's counsel in his argument is not excused by the absence of the reporter, on the theory that a delay in waiting for the reporter would have prejudiced defendant's case in the eyes of the jury.
5. Arguments of counsel are not part of the record unless the objections and rulings thereon are incorporated in the bill of exceptions, and when not so incorporated they will not be considered.
6. The reporter during all sessions of the court should be where he can be called on at any time to take down the proceedings.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action begun in the civil court of Milwaukee county to recover damages for injuries sustained in an automobile collision. The jury returned a special verdict which gave plaintiff a judgment for $1,200 and costs. Defendant appealed to the circuit court for Milwaukee county, alleging as error the absence of the judge during a part of the argument of counsel to the jury and claiming that during such absence of the judge plaintiff's counsel made statements as to defendant's liability prejudicial to him. The facts are thus stated by the trial judge, JOSEPH E. CORDES, in his decision denying a motion for a new trial:

"I sat on the bench during the argument by Mr. Nebel for plaintiff and Mr. Schweichler for defendant and most of the argument by Mr. Shockley for defendant. I left the bench and proceeded to the narrow hallway just outside the swinging doors of the court room, one of said doors being open continuously. I was at all times in complete hearing of the argument. The court reporter had left the court room and I inferred that he was in his room at the end of the hallway. I desired to speak to him, but purposely refrained from getting out of hearing of the argument. There were several men in the hallway, and I motioned to Mr. Kuchiaftes, a few feet away, who stepped over to me and I asked him to call the reporter. The latter came and I asked him to go to the bank for me, which he did. Mr. Shockley finished his argument and Mr. Richter began to reply about this time. I stepped in and sat on a bench towards the rear. While sitting there Mr. Shockley objected to some argument by Mr. Richter. I took my seat on the bench. Mr. Shockley stated that he wanted to have the reporter take down an objection. I said the reporter would be away for ten or fifteen minutes. He then made no further demand. I could have obtained another reporter if he insisted, and I had that in mind, but he simply stated his objection and I ruled on it. Argument was resumed, the reporter returned in a few minutes and remained in the court room immediately in front of counsel. He took down one or more subsequent objections and no further reference was made to any occurrence during his absence. I purposely refrained from getting out of hearing of the argu-

ment because I knew defendant's counsel had recently made a similar claim in the branch of the court adjoining mine to the north."

The circuit court affirmed the judgment of the civil court, stating:

"The sole reason urged for granting a new trial was the alleged absence from the court room on the part of the civil court judge during the argument of counsel to the jury. The trial court filed a written decision on the point raised, in which he states that though not always on the bench during the entire argument he was always within hearing and ruled on all objections made. His explanation of what occurred shows that no error was committed."

The defendant appealed to this court, alleging as sole error that

"The court erred in refusing to award a new trial to the defendant by reason of the absence of the trial judge from the court room for a considerable time, during the closing arguments to the jury, without the consent of counsel, and because during that absence the plaintiff's counsel was enabled to include improper arguments to the jury over the objection of counsel for the defendant, all at times when no court reporter was present to make a stenographic report of the arguments in question, the objections thereto, and the ruling or lack of ruling of the trial judge."

For the appellant there were briefs by *Dale C. Shockley,* attorney, and *Edgar P. Ettenheim,* of counsel, both of Milwaukee, and oral argument by *Mr. Shockley.*

For the respondent there was a brief by *Richter & Nebel* of Milwaukee, and oral argument by *A. W. Richter.*

VINJE, C. J. The circuit court properly denied the motion for a new trial. This court must assume as the record stands that the facts stated by the trial judge as to his being at all times within hearing of counsel during the argument to the jury are true. They are only indirectly or inferentially challenged by affidavits on behalf of the defendant.

Nothing contained in such affidavits absolutely denies the facts stated by the trial judge. So the facts are that the trial judge at all times was within hearing of counsel arguing and that he ruled upon all objections made. Without any criticism of the judge's conduct in this case, occasioned by the need of attending to some business at the bank, we suggest that trial judges should at all times during the trial remain in the court room itself, and preferably upon the bench—the place where they belong during the sessions of the court. The case of *Smith v. Sherwood,* 95 Wis. 558, 70 N. W. 682, is confidently relied upon by the defendant to sustain his motion. In that case the judge was outside the court room and it does not appear that he was where he could hear the argument. The case is disposed of on the theory that he did not hear the argument and hence did not, and could not, certify as to what took place. Here the trial judge by his decision, a part of the record (Rule 6), certifies that he did hear the argument and that he did rule upon all the objections and so could have certified what took place had a bill of exceptions been settled.

Claim is made that the absence of the reporter caused defendant to forbear to except to statements made by plaintiff's counsel because a delay in getting him would prejudice defendant's case in the eyes of the jury. We cannot accept such an excuse for a failure to take due exceptions to proceedings. If we did, procedure would depend upon the judgment of attorneys and not upon settled rules. The same reason might be urged for not objecting to incompetent evidence. Arguments of counsel are not required to be taken by the reporter and are no part of the record unless the objections and rulings thereon are incorporated in the bill of exceptions. Where, as here, not so incorporated, they will not be considered. *Mulcairns v. Janesville,* 67 Wis. 24, 35, 29 N. W. 565; *Heucke v. Milwaukee City R. Co.* 69 Wis. 401, 409, 34 N. W. 243; *Laue v. Madison,* 86

Wis. 453, 462, 57 N. W. 93; *Kersten v. Weichman,* 135 Wis. 1, 5, 114 N. W. 499. What has been said as to the necessity of the judge being present at all sessions of the court applies equally to the reporter. He should be where he can be called upon at any time to take down the proceedings.

*By the Court.*—Judgment affirmed.