[Civ. No. 6221. First Appellate District, Division One.—February 27, 1928.]

L. GOTSCH, Respondent, v. MARKET STREET RAIL-WAY (a Corporation), Appellant.

Wm. M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

TYLER, P. J.—Action for damages for personal injuries. The injury suffered is alleged to have been sustained by plaintiff as a result of the premature starting of one of defendant's cars while she was alighting therefrom. The case was tried by a jury, which rendered its verdict in plaintiff's favor and against appellant in the sum of two thousand dollars. There was a conflict in the evidence as to the manner in which the accident occurred. Plaintiff's theory as alleged in her complaint was that on October 14, 1922, she was riding as a passenger upon one of defendant's cars in an easterly direction on Market Street; that at First Street the car stopped for the purpose of allowing plaintiff to alight therefrom; that while she was in the act of so doing, the car was suddenly started, throwing her violently to the ground and inflicting upon her the injuries of which she complains. Defendant's version of the accident presented a totally different situation. It claimed that the accident was caused by plaintiff's negligence in permitting a part of her wearing apparel to come in contact

with the fender of the car after she had ceased to be a passenger and as she was in the act of passing to the rear of the car. It is not contended that the evidence is insufficient as a matter of law to sustain the verdict, but it is claimed that the evidence as to how the accident happened preponderates in favor of defendant's theory, for which reason the judgment should be reversed for the errors complained of.

The principal point relied upon for a reversal relates to certain instructions given by the trial court with reference to the degree of care that defendant was bound to exercise toward the plaintiff. At the request of plaintiff and in support of her theory of the case, the court instructed the jury on this *quantum* of care as follows: "You are instructed that it is the duty of defendant as a common carrier of passengers to exercise the utmost degree of care in the transportation of passengers, and a failure to exercise such care, in law, constitutes negligence on the part of said defendant. *A common carrier of passengers is bound to exercise the utmost care and diligence of very cautious persons as far as human care and foresight can go, and is responsible for injuries occasioned by the slightest neglect against which human care and foresight might have guarded.* The responsibility is proportionate to the danger and is of the highest character in the case of those who operate street cars to carry passengers." It is claimed that the italicized portion of the above instruction is erroneous and misleading for the reason that it is not limited in its application to *passengers* but tells the jury that a common carrier of passengers is bound to exercise the utmost care and that it is responsible for injuries occasioned by the slightest negligence against which human care and foresight might have guarded, and this irrespective of whether or not the injured person was a passenger at the time of the injury. There might be some merit in the point urged if this was the only instruction upon the subject. Plaintiff under her theory of the case was entitled to an instruction upon the degree of care that the company owed to her as a passenger. The trial court very fully instructed the jury upon this question. These instructions must be taken together and considered as a whole in determining whether any specific instruction embodied an improper statement of the law or worked to the prejudice of the defendant. (*Boa* v. *San*

*Francisco-Oakland T. Rys.*, 182 Cal. 101 [187 Pac. 2].) The court further instructed the jury that the duty of exercising the highest degree of care rested upon defendant only in the event that plaintiff was a passenger at the time when the accident occurred, and it further pointed out that if the accident happened after plaintiff had safely alighted from the street-car and while she was crossing the street behind the car, she was not a passenger and defendant did not owe her the duty of exercising the highest degree of care for her safety, but was only bound to exercise ordinary care to save her from injury. It further instructed the jury that if it found plaintiff was not thrown or did not fall to the ground at the time and place in question, through or because of any movement of the street-car, but through some cause entirely disconnected from such movement, that the defendant could not recover. These instructions were repeated in different form and defendant's own instructions presenting the situation in the most favorable light to it were given, so that the jury could not possibly have been misled upon the subject.

Equally without merit is the claim that the court instructed the jury that plaintiff was a passenger at the time of the accident. In its answer the defendant set up contributory negligence on the part of defendant. The court instructed the jury upon this question, and it is claimed that in doing so it was assumed that plaintiff was a passenger. The instructions were as follows: "Contributory negligence in its legal significance is such an act of commission on the part of a passenger amounting to a want of ordinary care as concerning or cooperating with the negligent acts of the defendant is a proximate cause or occasion of the injury to the passenger complained of. To constitute contributory negligence on the part of a passenger there must be a want of ordinary care on the part of the passenger and a proximate connection with that and the injuries sustained by the passenger." "Contributory negligence on the part of a passenger cannot be presumed from the mere fact of the injury but must be proven." "If you believe from the evidence that plaintiff was guilty of some degree of negligence while attempting to alight from defendant's car as a passenger, yet unless you also believe that said negligence on her part proximately occasioned or con-

tributed to the injuries sustained by her, I charge you that such negligence on her part is not, in law, such contributory negligence as would prevent plaintiff from recovering in this action if she is otherwise entitled to recover." The mere reference to plaintiff as a passenger did not have the effect claimed. The defense of contributory negligence was not a factor in the case unless plaintiff established that the accident occurred while she was alighting from defendant's car as a passenger. She had to prove that fact in order to recover under her pleadings. If the accident happened after she had ceased to be a passenger the question of negligence on the part of defendant or of contributory negligence on plaintiff's part was of no importance, and the court so instructed the jury. One of the instructions given at defendant's request so refers to plaintiff. It is as follows: "While the duty rested upon the conductor to exercise the utmost care and diligence for the safe carriage of plaintiff, Mrs. Gotsch, as a passenger of the Market Street Railway Company, the duty likewise rested upon plaintiff, Mrs. Gotsch, to exercise ordinary care for her own safety in alighting, and after alighting from the street car." The court in the use of the language employed did not prejudge the question as to whether plaintiff was or was not a passenger at the time of the accident. If the jury could have understood anything from the instructions as a whole, it certainly knew that plaintiff had to establish the fact that she was a passenger at the time of the accident or fail in her case, for all the instructions were to this effect, and this question was one which was left entirely for its determination without any indication from the court.

■ Appellant further complains of the giving of the first above recited instruction on contributory negligence as incorrectly defining that principle. The objection is that it defines it as "an act of commission," whereas as a matter of law it may be either an act or omission. It is true that contributory negligence may arise from an omission as well as from an act. The jury was instructed by the court on its own motion that contributory negligence is such "an act or omission on the part of plaintiff," etc. This latter instruction cured any defect in the one complained of which was given at the suggestion of plaintiff. (*Boa* v. *San Francisco-Oakland T. Rys.*, 182 Cal. 93–101 [187 Pac. 2].) Nor

is there any merit in the claim that the court erred in refusing to give defendant's prepared instruction concerning sole proximate cause. The jury was fully instructed upon this and all other questions. Mortality tables were offered and received in evidence for the purpose of showing the probable expectancy of the life of plaintiff and the admission thereof is assigned as error. Defendant company concedes, as indeed it must, that such tables may be properly considered in an action for wrongful death, for the purpose of giving to the jury some evidence upon the life expectancy of the deceased. It claims, however, that such tables are not admissible in actions for personal injuries except in those cases where the plaintiff has sustained a permanent injury of such a character as to result in a total impairment of his ability to earn money, in which case there must be evidence of earning capacity. Here the evidence shows that plaintiff's eyesight was permanently impaired and the tables afford some evidence how long she will suffer and be incapacitated in consequence thereof, the injuries being lifelong. It further shows that plaintiff did all the sewing for her family from the time her children were young and up to the time of the accident beside performing all the household duties, and since the injury her ability to perform these duties had become permanently impaired. While the evidence does not show that plaintiff was engaged in any direct gainful employment for which she received a specific wage, it does show that she was capable of and did perform her family and household duties. Such services have a value. The impairment of the power of a woman to work is an injury to her personal rights wholly apart from any pecuniary benefit the exercise of the power might bring, and if her injury has lessened this power she ought to be able to recover damages therefor regardless of whether she worked or not. The vicissitudes of life might call upon her at any moment to make avail of her capacity to work, and jurors may be presumed to be reasonably familiar with the value of such services. However this may be, it has been generally held that life and mortality tables are admissible to prove the duration of personal injuries when such injuries are proved to be permanent, they being in such case lifelong. (8 Ency. of Ev., p. 634; 17 Cor. Jur., p. 873; *Idem.*, p. 1036.)

And, finally, appellant complains of misconduct and irregularity in proceedings of the jury. After the evidence had been closed and while the attorney for defendant was commenting in his argument to the jury concerning the manner in which the plaintiff alighted from the car, as indicating how the accident happened, a lady member of the jury made the following statement: "Don't you know a woman always gets off a street car that way, facing the rear?" It is claimed that the remark constituted misconduct, justifying a reversal of the judgment, as it showed that the juror had both formed and expressed an opinion of the case before its final submission. This point was urged in support of a motion for a new trial. Upon the hearing of the motion the juror filed an affidavit in which she stated that her remark was not made in a manner to indicate that she was of a fixed state of mind in respect to the facts of the case, nor was it intended to constitute an expression of opinion. The motion for a new trial was denied. Whatever may be said of the conduct of the juror, the record shows that after the remark was made, counsel for defendant proceeded with his argument without paying any attention to the incident. No objection was made or exception taken until after the verdict. The rule is well established in this state that when knowledge of irregularity is known in time to apply to the court to remedy or correct it, a party may not sit by in silence, taking chances of a favorable verdict, and after a hostile one, then, for the first time, be heard to complain. (*Zibbel* v. *Southern Pac. Co.*, 160 Cal. 237–253 [116 Pac. 513].)

For the reasons given the judgment is affirmed.

Knight, J., and Parker, J., *pro tem.*, concurred.