CAESAR, Respondent, vs. WEGNER, Appellant.

*October 9—November 5, 1952.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Richard S. Gibbs,* all of Milwaukee.

*Richard S. Hippenmeyer* of Waukesha, for the respondent.

BROWN, J.   The action was tried to a jury and the record made when motions after verdict were heard shows that when plaintiff's counsel began his argument to the jury the learned trial judge and the reporter left the courtroom to do some other work.  In their absence plaintiff's attorney made statements which defendant's counsel considered improper and prejudicial.  What they were does not appear, for at that time the reporter was not present to make a record nor the court to certify one.  The bailiff was requested to fetch the judge and in the absence of the bailiff there was a further exchange of remarks between counsel in the presence of the jury.  Among his motions after verdict defendant's counsel made one for a new trial on account of such absence on the part of the judge.  The trial court denied the motion, and defendant has appealed from the order of denial.  Authority in general supports the view that reversible error results from the departure of a judge from a courtroom during progress of the trial, including argument of counsel, so that he is no longer in control of proceedings.  53 Am. Jur., Trial, p. 37, sec. 19.  But even if the general authority was contra we would consider ourselves bound by repeated Wisconsin decisions with which we are heartily in accord.  The leading case is *Smith v. Sherwood* (1897), 95 Wis. 558, 70 N. W. 682, in which, at page 560, Mr. Justice WINSLOW discussed the rule and the reasons for it.  For the reader's convenience we quote:

"The bill of exceptions is expected to tell the complete story of the trial, from start to finish, and to tell it with

absolute correctness. When the trial judge is absent, there is in reality no person or officer who can certify to this court as to what took place during that absence. This court is, and must always remain, in doubt as to the matter; no satisfactory conclusion can be reached from the affidavits of opposing counsel; and thus this period remains a hiatus in the case.

"The presiding judge of a trial court is charged with the duty of trying the case from the opening to the close, and he ought not to abdicate his functions even for half an hour. During such an absence grave errors or abuses of privilege may occur, and this court may be left to the conflicting affidavits of overzealous attorneys or parties in interest to determine what in fact took place. This court is not organized or authorized to try such questions, and we do not propose to do so. It avails not to say that error must be affirmatively shown. This is true, but, where the trial court has disabled itself from informing us as to what occurred, how is error to be shown save by affidavit? We cannot but regard this long absence from the bench during an important part of the trial as an error which calls for a new trial. We feel that we should be doing wrong to sanction any such practice. Such a rule, once established, would open the way to dangerous abuses, and break down one of the most valuable safeguards to litigants."

Under similar circumstances we have followed the principle there laid down and have considered the absence of the trial judge beyond hearing of the proceedings to be error requiring a new trial except when the evidence was such that there actually was no question for the jury. *Berrafato v. Exner* (1927), 194 Wis. 149, 159, 216 N. W. 165; *Caryl v. Buchmann* (1922), 177 Wis. 241, 187 N. W. 993.

While it is not the duty of the reporter to take down the arguments to the jury unless he is directed to do so, he should be available and if objections are made or controversy arises during the course of the argument the court, whose duty it is to be present at all stages of the trial, should direct a record to be made. *Caryl v. Buchmann, supra; Knipfer*

*v. Shaw* (1933), 210 Wis. 617, 624, 246 N. W. 328, 247 N. W. 320.

In the instant case both the trial judge and reporter were out of hearing and unaware of what was going on. Counsel do not agree on the facts nor on the prejudicial effect of remarks alleged to have been made. The record is silent and confessedly incomplete in this respect. As in *Smith v. Sherwood, supra,* we are not equipped to supply the omissions. We conclude that defendant's motion for a new trial should have been granted.

Since there must be a new trial with probable new evidence in it we do not discuss the other assignments of error.

*By the Court.*—Judgment and order reversed and cause remanded with directions to the trial court to enter an order granting a new trial.