STATE, Respondent, vs. COOPER, Appellant.

*April 11—May 6, 1958.*

For the appellant there was a brief by *McWilliams & Steil* of Janesville, and oral argument by *George K. Steil.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Joseph B. Forrestal,* district attorney of Rock county, and *Mark J. Farnum,* assistant district attorney, and oral argument by *Mr. Forrestal, Mr. Farnum,* and *Mr. Platz.*

BROADFOOT, J. The first assignment of error is that the jury was permitted to separate during the four-day trial. Permitting the jury to separate during trial has been held to be reversible error in cases where the defendant was charged with what was formerly known as a "capital offense." *Rowan v. State,* 30 Wis. 129; *State v. Dolling,* 37 Wis. 396; *Clifford v. State,* 58 Wis. 477, 17 N. W. 304; *Hempton v. State,* 111 Wis. 127, 86 N. W. 596. The defendant contends that this rule applies to all homicide cases.

The defendant cites *Newbern v. State,* 222 Wis. 291, 260 N. W. 236, 268 N. W. 871. In that case the defendant was charged with bank robbery. Two of the robbers were killed and a bank employee was abducted and left dead with a dead bandit beside the road a few miles from the scene of the robbery. Upon appeal from his conviction the defendant alleged error because the jurors were not kept together during the trial. Other errors were claimed but this court held that the errors, if committed, were not prejudicial and affirmed the judgment of the circuit court. Upon motion for a rehearing a new trial was ordered in the interest of justice. However, it was stated there was no error in the rules of law stated and applied in the original opinion. Because of the circumstances and the feeling in the community, the court directed that upon the new trial the jurors be kept in custody of an officer during the trial. It was stated that this is required on trials of charges of homicide. That statement in

the *per curiam* opinion on the motion for rehearing was not a correct statement of the law and is expressly overruled.

The matter of the separation of the jury in criminal cases is governed by statute in most states. Except in the case of a conflict with a statutory provision and except in cases where the penalty may be life imprisonment, it is the general practice to permit the jury to separate until the cause is submitted to it for its final deliberations. The matter rests within the discretion of the trial court. *Baker v. State,* 88 Wis. 140, 59 N. W. 570, Anno. 21 A. L. R. (2d) 1088. Even though the rule was as contended for by the defendant, he waived that right by failing to request that the jury be confined or placed in custody of an officer or officers. *State v. Sawyer,* 266 Wis. 494, 63 N. W. (2d) 749.

The motion for a new trial was supported by the affidavits of two of the jurors in addition to those of the defendant and one of his attorneys. The state contends that the affidavits of the jurors are incompetent since jurors are not permitted to impeach their verdict or reveal the nature of their deliberations. That is the general rule. However, there are exceptions to that general rule. In the *Hempton Case, supra,* on page 145, this court said:

"It is a well-settled principle of law that affidavits of jurors cannot be used to impeach their verdict, but that rule applies only to affidavits concerning their conduct in court or when deliberating upon the case. Their conduct outside the courtroom may be established by their own affidavits for the purpose of impeaching their verdict."

The first sentence of that quotation was affirmed in the *Newbern Case.* So far as the affidavits of the jurors are competent they merely indicate that some of the jurors read a report of the proceedings in the Beloit Daily News. A copy of that report was attached to the moving papers and it indicates that the testimony of one witness, an employee of

the Federal Bureau of Investigation, was not correctly reported. In spite of that, the first juror in her affidavit indicated that she properly understood the testimony of the witness. The affidavits state there was confusion among the jury as to the testimony of this witness. This was during the deliberations of the jury and the affidavits are incompetent as to anything that took place during the deliberations. There is nothing in the affidavits to indicate that the jurors were misled by the newspaper account. There is an annotation in 31 A. L. R. (2d) 417, dealing with the reading of newspaper accounts of trials in a criminal case by jurors. Although the jury should have been instructed more fully at the beginning of the trial that they should not read newspaper accounts of the trial, we can find no prejudicial error in reviewing the record made in support of the motion for a new trial.

At one point in the deliberations the jury informed the bailiff that they would like to have a transcript of the testimony of the F. B. I. witness. The bailiff reported that request to the trial judge. In the meantime the reporter had been excused and was not present in court. After the court discussed the request with the attorneys for the state and for the defendant and it was agreed upon what should be done, the jury was summoned and was informed by the court that this testimony was not transcribed, that the court reporter was not present, there was no one who could read her notes, and it would take considerable time to make the testimony available. The court therefore requested the jury to return to the jury room and resume deliberations.

Error is claimed because the reporter was not available to read the requested testimony. The statutes provide for the appointment of court reporters to take down the proceedings. In *Willard v. State,* 195 Wis. 170, 217 N. W. 651, it was held that the jury has a right to have testimony read to it by

the reporter. The extent thereof is within the discretion of the trial court. Further, the right is one that may be waived and in the present case there was a waiver of this right by the defense. Although it is not a commendable practice to excuse the reporter until the jury has completed its deliberations, we find no reversible error in the incident complained of.

After the case was submitted to the jury for its final deliberations the judge absented himself to address a parent-teachers meeting. During the period of his absence there was no request by the jury for any communication with the judge. However, the defendant claims that his absence constituted reversible error. We have held that the presiding judge of a trial court should be present from the opening to the closing of a case and that he should not be absent. *Smith v. Sherwood,* 95 Wis. 558, 70 N. W. 682; *Berrafato v. Exner,* 194 Wis. 149, 216 N. W. 165; *Caryl v. Buchmann,* 177 Wis. 241, 187 N. W. 993; *Caesar v. Wegner,* 262 Wis. 429, 55 N. W. (2d) 371. Although the judge should not have absented himself during the deliberations of the jury, the record establishes that he was easily accessible and there is no showing that anyone, including the jury, attempted to communicate with him in any manner or required his presence during the time he was absent. Under the circumstances there was no reversible error because the judge was absent for a time.

Finally the defendant contends that a new trial should be granted in the interest of justice. It is to be noted that the defendant does not attack the sufficiency of the evidence to support the jury verdict. In fact, the record establishes beyond a reasonable doubt that the defendant was guilty of the offense charged. Where the evidence is so overwhelming in support of the jury verdict it is apparent that the real con-

troversy was fully tried and there has been no miscarriage of justice in spite of the minor errors committed during the trial.

*By the Court.*—Order and judgment affirmed.

HALLOWS, J., took no part.