[Civ. No. 5667.   Fourth Dist.   May 6, 1958.]

RAYMOND FRANCIS JACKSON, Appellant, v. GEORGE H. BARNETT, Respondent.

Thomas H. Werdel and Conron, Heard & James for Appellant.

Mack, Bianco, King & Eyherabide for Respondent.

GRIFFIN, J.—Plaintiff-appellant brought this action for damages for personal injuries suffered in a fall from the balcony in defendant-respondent's store. It resulted in a judgment for defendant.

Defendant, a distributor for Goodyear tires, engaged a licensed general contractor to construct a store building for him in 1945. An interior balcony, about 12 feet high, extended across the south portion. A stairway to it, equipped with handrails, was located on the west side of it. The north side of the balcony was open to the remainder of the shop. A 2 by 3 inch wooden railing, about 32 inches in height, crossed it. It was supported by 2 by 3 inch wooden posts set 6 to 8 feet on centers. At the bottom was located a 1 by 6 inch toe board on edge. This balcony was used to store tires, tubes, etc. Plaintiff had been an employee of defendant in this store for about two years and had on many occasions used said stairway and balcony. He later went into a business for himself. He retained a key and was allowed access to defendant's store thereafter and waited upon himself. On March 17th he came to defendant's store to pick up several boxes of tubes packed in cardboard boxes about 24 by 14 by 14 inches, weighing about 20 pounds. He climbed the stairs to the balcony, selected the boxes and decided to drop them over the balcony to the floor below, as he had on many occasions, rather than make unnecessary trips up and down the stairs, it being more convenient. Apparently there was a passageway underneath the balcony. On this occasion he picked up the boxes of tubes, packed them with both hands in front of him and walked to the railing. He said he stopped still a few inches from the toe plate; that he was standing flatfooted and not leaning against the railing; that when he reached the edge of the balcony it was necessary for him to

look over and under the balcony floor to see if it was safe to drop the boxes; that he bent from the hips to see and that at first he thought he saw the flash of a white shirt; that while holding the boxes and leaning he lost his balance and fell to the bottom floor, inflicting injuries to his upper body; and that he had no recollection of touching the rail before he fell. He said that as he lay on the floor looking up he saw a portion of the railing extending about 4 feet into space, and the nails had been bent outward; that someone took a tire iron and nailed the balcony railing back together.

A city building inspector who examined the premises about six months thereafter testified the railing was 30 inches high and supported by 2 by 3 inch posts with 6 to 8 feet centers, but they were not sufficient to support a 20-pound live load per lineal foot; and that such railing did not comply with the requirements of section 3502 of the Uniform Building Code of the City of Bakersfield in force at the time of the accident. It reads in part:

*"Exterior balconies attached to or supported by masonry shall have brackets or beams constructed of incombustible material.* Railings for balconies or porches shall not be less than three feet (3′) in height above the floor of such balcony or porch.

*"Porches and exterior balconies may be constructed of the materials allowed for the building to which they are attached, but structural steel or iron members need not be fire protected . . .*

"All balcony railings shall be designed to withstand a horizontal force of 20 pounds per lineal foot, applied at the top of the railing . . ."

In giving the instructions to the jury the court struck out the portions italicized. It is the contention of defendant that the balcony railing referred to in said code, by its terms, applied only to exterior and not to interior balconies. The inspector was of the opinion it applied to both. An order of the Division of Industrial Safety of the state, in force at the time of the construction of the building and at the time of the accident in question was received in evidence. It provided in part:

"(a) A standard railing shall consist of a top rail, mid-rail and posts having a vertical height of not less than 42 inches nor more than 45 inches from the upper surface of the top rail to floor . . ."

The court instructed the jury that if the defendant violated

any of the provisions of the ordinance or orders above mentioned, a presumption of negligence arose, but a violation of law was of no consequence unless it was a proximate cause of the injuries.

Plaintiff now claims on appeal (1 & 2) irregularity of the proceedings because, after objection made to a question propounded to the building inspector as to what, if any, changes were made after the accident, the judge left the courtroom with the jury present, to discuss in chambers the objection made. Respective counsel, the reporter and clerk followed. Defendant Barnett remained on the witness stand and apparently made some remark in front of or to the jury to the effect that ''I guess they want to talk about something they don't want us to hear,'' and the jury laughed. Plaintiff claims this constituted fraternizing with the jury, was misconduct on the part of defendant, and it prejudiced plaintiff's case, citing such authority as *O'Callaghan* v. *Bode,* 84 Cal. 489 [24 P. 269]; *Caesar* v. *Wegner,* 262 Wis. 429 [55 N.W.2d 371]; *Bramble* v. *McEwan,* 40 Cal.App.2d 400 [104 P.2d 1054]; and 36 Cal.Jur.2d page 193, section 43. This claimed error, however, was not called to the attention of the court or parties until after the return of a verdict and on a motion for new trial. Affidavits and counteraffidavits were filed. The foreman of the jury recalled the comment but said it was not mentioned in the jury deliberations, did not have any effect on his findings, and so far as he knew, on the other jurors' findings. Defendant admitted making the statement in complete ignorance, and said it was with no intent of influencing the jury or entertaining or fraternizing with any juror, and claims there was no laughter after the remark was made. After a full hearing the motion for a new trial was denied.

Defendant claims that the trial judge was aware of the fact that the temporary court occupied by him is a tin structure pending the completion of a new courthouse after damage by earthquake; that it is impossible, because of the acoustics, to hold any private conference at the bench, and accordingly it has been the custom for the judge to retire from the bench to his chambers and hear arguments of counsel; that the facts related were known to plaintiff's wife at the time and no objection was made as to this procedure or happening until after the return of the verdict when she filed her affidavit so indicating. This procedure, without duly admonishing the jury during such recess, has been criticized and has been held to be prejudicial error, under certain circumstances,

if timely and proper objection is made. No objection was made when the judge retired to his chambers with counsel without admonishing the jury. Apparently plaintiff's counsel knew of, participated in, and consented to this procedure at the time. He should not for the first time, after awaiting the outcome of the case, on a motion for new trial, raise said question. See *Gotsch* v. *Market Street R.*, 89 Cal.App. 477 [265 P. 268]; and *Shain* v. *Peterson*, 99 Cal. 486 [33 P. 1085], where the trial of an action was irregular and it appeared on appeal that the appellant was as much responsible therefor as the respondent. The court there held that the judgment would not be reversed because of objections to mere matters of procedure which were urged for the first time on appeal.

■ Although the remark should not have been made, it was probably true. It affirmatively appears that the jurors did not participate in such conversation or consider it as having any effect upon them. Just why plaintiff did not raise the question before the verdict was reached so the court could properly dispose of it is not indicated. Plaintiff's wife is the one who noticed the irregularity at the time and no action was taken by plaintiff or his counsel in respect to this irregularity. The trial court was justified in denying the motion on this ground. (*People* v. *Quiel*, 68 Cal.App.2d 674 [157 P.2d 446]; *People* v. *Murphy*, 92 Cal.App. 729 [268 P. 927]; *People* v. *Lawler*, 79 Cal.App. 207 [249 P. 18]; *People* v. *Brannigan*, 21 Cal. 337; *Saltzman* v. *Sunset Tel. & Tel. Co.*, 125 Cal. 501 [58 P. 169].)

Claims numbers 3 and 4 are that the undisputed evidence shows that plaintiff's injuries were due to defendant's negligence; that there was no evidence which would support a finding of contributory negligence on plaintiff's part; and that it was error to give an instruction on that subject.

■ There is evidence respecting defendant's possible negligence in the construction and maintenance of the balcony railing. It was a question of fact for the jury to determine whether this claimed negligence was the proximate cause of plaintiff's injuries. ■ There is also evidence that plaintiff previously worked in these premises, made many trips up the stairs to the balcony, and knew the condition of the railing. Whether plaintiff's election to attempt to lean over the railing and drop the tubes to the floor below, as indicated, instead of walking down the stairs provided may have constituted negligence on his part, it was, at least, a factual question for the jury. The evidence as to the method of

dropping packages from the balcony being followed by the management, was disputed. ▆ The evidence would authorize a finding that the railing did not give way in the first instance but plaintiff's fall was due to the fact that he lost his balance because of the weight of the tubes, and fell over and onto the railing, causing it to break. The evidence would fully support a finding of contributory negligence and authorize an instruction on the subject.

▆ Complaint is made because the court refused plaintiff's proffered instruction given in reference to the presumption under section 2061, subdivision 7 of the Code of Civil Procedure. The argument is that defendant failed to produce the railing at the trial and to have certain persons present who may have been able to explain the accident. We see no merit to this argument. The dimensions and condition of the railing were fully covered by the testimony. There is no showing that any person knew more about the facts than plaintiff himself. He fully related them. Both plaintiff and defendant produced at the trial the strongest evidence available to them. There was no showing of suppression of any material evidence. No prejudicial error resulted in failing to give the proffered instruction. (*Holland* v. *Kerr,* 116 Cal. App.2d 31, 37 [253 P.2d 88] ; *Estate of Moore,* 180 Cal. 570, 585 [182 P. 285] ; *Rivera* v. *Goodenough,* 71 Cal.App.2d 223, 234 [162 P.2d 498].)

▆ The last claim is that the court erred in refusing plaintiff's proffered instruction on the doctrine of res ipsa loquitur in the general language of BAJI Number 206-B and 206-C, with some modifications. He cites such authority as *Biondini* v. *Amship Corp.,* 81 Cal.App.2d 751, 767 [185 P.2d 94]; *Baker* v. *B. F. Goodrich Co.,* 115 Cal.App.2d 221, 223 [252 P.2d 24] ; and *New York Life Ins. Co.* v. *Seighman,* 140 F.2d 930.

The authorities cited are factually dissimilar to the instant case. Here, it appears that plaintiff had used this balcony and was as familiar with the size, condition, height and appearance of the railing as was defendant. He knew more about the cause of the accident and fully testified as to it. The condition of the railing was established by the evidence. No prejudicial error resulted from the court's refusal to give the proffered instruction in the form offered. (*Zentz* v. *Coca Cola Bottling Co.,* 39 Cal.2d 436, 442 [247 P.2d 344] ; *Hendershott* v. *Macy's,* 158 Cal.App.2d 324 [322 P.2d 596] ; *Shaw* v. *Pacific*

*Greyhound Lines,* 50 Cal.2d 153 [323 P.2d 391] ; *Phillips* v. *Noble,* 50 Cal.2d 163 [323 P.2d 385].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 26, 1958, and appellant's petition for a hearing by the Supreme Court was denied July 2, 1958.