GHERKE, Appellant, vs. COCHRAN, Respondent.

*November 9, 1928—February 5, 1929.*

For the appellant there was a brief by *Oliver H. Day* of Green Bay and *Benton, Bosser & Tuttrup* of Appleton, and oral argument by *R. R. Tuttrup.*

For the respondent the cause was submitted on the brief of *Bradford & Bradford* of Appleton, attorneys, and *Jones & Key* of Chicago, of counsel.

The following opinion was filed December 4, 1928:

STEVENS, J. (1) The proof presented issues of fact for the jury. The findings of the jury both with reference to

the negligence of the defendant and the contributory negligence of the plaintiff are supported by proof. This conclusion would lead to an affirmance of the judgment were it not for the manner in which the case was submitted to the jury.

(2) The pleadings and the proof present three possible grounds of negligence on the part of the plaintiff. These three grounds were all submitted to the jury by this single question: "Was William E. Gherke, the plaintiff, guilty of any want of ordinary care which contributed to produce the injury he sustained and the damages to his car at the time and place in question?" This question is answered in the affirmative.

Under this form of question part of the jury might have found the plaintiff negligent on one ground, others might have based their finding on a second, and still others upon a third ground of negligence, "resulting in a situation where all of the jurors agreed that there was negligence but did not agree upon the grounds thereof. He who is charged with negligence in several particulars is entitled to have a finding of the jury upon the existence of every set of facts upon which negligence is predicated. . . . It is the function of a special verdict to secure a finding by the jury on each question litigated. In negligence cases each ground of negligence constitutes a distinct litigated question, and proper practice requires that the jury be given an opportunity to find specially with reference to each particular ground of alleged negligence. This cannot be accomplished by the submission of an omnibus question in which the jury is required to find generally upon the question of negligence. Such verdicts have been sustained in cases where negative answers have been returned to the general question of negligence and the jury were instructed that if they found certain facts to exist they should answer the question in the affirmative, as in *Kadolph v. Herman,* 166 Wis. 577, 166 N. W. 433. In such cases the finding of an absence of negligence presents a

different question from that resulting in case of an affirmative finding. The negative answer indicates that in the minds of the jury none of the alleged grounds of negligence was proven." *Matuschka v. Murphy,* 173 Wis. 484, 487, 180 N. W. 821.

The statute providing for special verdicts "contemplates the right of the party to a separate finding of the jury upon each such specific question of fact. It is the duty of the court to administer the statute so that the result aimed at be attained. If the court may refuse to submit such specific questions and simply submit the general question of negligence, then the statute is practically eliminated from the statute book, and in every negligence case two or three general questions covering simply ultimate conclusions of fact and law, and amounting to but little more than a general verdict, will take the place of the findings of specific fact contemplated by the statute." *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 217, 115 N. W. 865.

The question whether plaintiff was guilty of negligence which would bar his recovery presents the same problems to the jury that are presented by the issues raised as to the negligence of the defendant. The same rules apply to the submission of plaintiff's negligence as to the submission of the defendant's negligence. There is the same necessity for a separate finding upon each alleged ground of negligence on the part of the plaintiff as on the part of the defendant.

(3) In submitting the question whether the single ground of negligence of which it was alleged that the defendant was guilty was the proximate cause of plaintiff's injuries, the court adopted the form of verdict that was commended in *Berrafato v. Exner,* 194 Wis. 149, 157, 216 N. W. 165, but the court evidently overlooked the fact that this court in that case suggested that the same method be adopted in submitting the issues of proximate cause in connection with the question of plaintiff's negligence.

It will be noted that the question on the contributory negligence of the plaintiff which is quoted above not only asks the jury to pass upon three separate grounds of negligence, but that it involves the issue whether each of these three separate grounds of negligence was a proximate cause of the injuries sustained by the plaintiff. It will be further noted that the idea of proximate causation is not expressly embodied in the question. The court did, however, recognize the rule that "in order to constitute actionable or contributory negligence, the act or inadvertence claimed to constitute negligence must constitute a proximate cause of the harm or injury. If the element of proximate cause be absent, then the act does not constitute negligence of any description, contributory or otherwise." *Loehr v. Crocker,* 191 Wis. 422, 427, 211 N. W. 299. The trial court correctly gave the technical definition of proximate cause in its oral instructions and explained the necessity of finding that the plaintiff was negligent and that such negligence was the proximate cause of the injury in order that an affirmative answer might be made to this question.

The examination of the record in many negligence cases has satisfied this court that the trial court has done but little to aid the jury in its deliberations when it has given to a jury of laymen this technical legal definition of proximate cause which must be carefully studied by the trained legal mind before its meaning is comprehended. The court believes that the submission of the issue of proximate cause in the form which is commended in *Berrafato v. Exner, supra,* will be of greater aid to the jury in understanding this issue than any amount of oral instruction on a subject that is so technical as that involved in a finding of proximate cause.

In order to keep the scales of justice evenly balanced, trial courts should adopt the same form of questions in submitting the issues of proximate cause as to plaintiff's negligence that is used in submitting that issue with reference to the negligence of the defendant.

The court appreciates that the form of question as to plaintiff's negligence which was used by the trial judge has been in general use in the trial courts of Wisconsin in years gone by, despite the fact that it was in effect only a general verdict upon the issues of contributory negligence. In earlier practice the special verdict was, comparatively speaking, little used. When it was used, it was framed by courts and lawyers who were accustomed to submit issues to the jury upon a general verdict and who were influenced in framing questions for the special verdict by their conception of the issues presented by a general verdict. It has taken years of practice to perfect the special verdict to its present stage of development. The experience of years has demonstrated that the administration of justice can be improved. When "time makes ancient good uncouth," the courts must discard that which was formerly considered good practice and adopt a practice which more nearly meets the demands of the age in which courts now function.

(4) The court instructed the jury that if plaintiff failed to exercise ordinary care "in the slightest degree" and such negligence was the proximate cause of the injuries sustained, that this seventh question should be answered in the affirmative, thus finding the plaintiff guilty of contributory negligence. The instructions as to the negligence of the defendant contained no suggestion that the defendant is to be found guilty of negligence if he failed to exercise ordinary care in the slightest degree. Again the learned trial court was doubtless following the earlier cases which approved such an instruction as to contributory negligence. These earlier cases fail to state the rule that plaintiff's conduct is to be judged by the same standards as the defendant's conduct, when a jury is asked to determine whether either party has been guilty of negligence. A slight want of ordinary care on the part of either party is such a want of care as will constitute negligence. "There are no classifications or subdivisions of want of ordinary care. Any want of ordinary

care on the part of the plaintiff which proximately contributes to his injury constitutes contributory negligence. Likewise any want of ordinary care on the part of the defendant which is the proximate cause of the injury constitutes negligence on the part of the defendant. . . . While it has been held proper to charge the jury that any want of ordinary care, no matter how slight, which proximately contributes to the injury is sufficient to find the plaintiff guilty of contributory negligence, it can have no other purpose than to emphasize that which is comprehended in the expression 'any want of ordinary care.' While this emphasizing phrase is usually indulged in connection with contributory negligence, it may, with the same propriety, be used in connection with the defendant's negligence. In fact, judicial impartiality between the parties would seem to require that it be used with reference to the negligence of both parties or not at all. To submit a case in any form which calls upon the jury to find whether the plaintiff is guilty of a slight want of ordinary care, while calling upon them to find whether the defendant is guilty only of a want of ordinary care, is apt to give rise to the impression in the minds of the jury that there are classifications of ordinary care. This is not the case." *Kausch v. Chicago & M. E. R. Co.* 176 Wis. 21, 28, 186 N. W. 257.

(5) The judgment must be reversed for a failure to separately submit the three alleged grounds of plaintiff's negligence. It is therefore not necessary to determine whether the other matters discussed constituted reversible error. But it is plain that the issues presented as to the negligence of each of these parties are the same, and that the questions as to negligence and proximate cause should be in the same form and that similar instructions should be given on each of these issues, regardless of the question of whether the conduct of the plaintiff or of the defendant is being considered by the jury.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

The following opinion was filed February 5, 1929:

PER CURIAM. (*On motion for rehearing.*) The respondent's brief on rehearing presents the fact, not heretofore stated in the presentation of the case to this court, that there was no request for a special verdict.

In appellant's main brief the cases were cited which establish the rule that, where the proof presents several grounds of negligence, the special verdict must be so framed as to require a finding of the jury on each separate ground of negligence. The respondent, in his main brief, treated the case as if the record presented the question of the sufficiency of the verdict and did not state that no request for a special verdict had been made by either party.

The court must of necessity rely upon counsel to fully state the facts of the cases which it is called upon to decide. It now appearing, however, that there was no request for a special verdict, the trial court was at liberty to submit the case upon a special verdict, or upon a general verdict, or upon the verdict which was used in this case. Had either of the parties requested that the case be submitted upon a special verdict, a different question would have been presented. *Halamka v. Schneider,* 197 Wis. 538, 222 N. W. 821.

The judgment would not have been reversed for failure to separately submit the several grounds upon which it was claimed that plaintiff was negligent had respondent advised the court that no request for a special verdict had been made.

But it does not follow that the mandate should be changed. The manner of submitting the case was such as might well lead the jury to believe that the plaintiff's conduct was not to be judged by the same standards as the conduct of the defendant. A re-examination of the record leads the court to

believe that the method employed in submitting the case may have caused a miscarriage of justice in the determination of the issues as to contributory negligence and that the plaintiff ought to have a trial in which the issue of negligence is submitted in the same form and under instructions similar to those under which the issue of defendant's negligence is submitted.

*By the Court.*—Motion for rehearing denied, with $25 costs.