BIERSACH and another, Respondents, vs. WECHSELBERG and another, Appellants.

*October 16—November 10, 1931.*

For the appellants there was a brief by *Hannan, Johnson &amp; Goldschmidt* of Milwaukee, attorneys, and *Whaley &amp; Paulsen* of Racine of counsel, and oral argument by *Martin R. Paulsen.*

For the respondents there was a brief by *Hess, Barry & Meldman,* attorneys, and *Edward H. Meldman* and *Clement W. Winzelburg* of counsel, all of Milwaukee, and oral argument by *Mr. Meldman.*

ROSENBERRY, C. J.   It is first urged that by continuing to ride with the defendant Wechselberg and especially the failure of the plaintiff to leave the car at Koeller's dance hall, plaintiff assumed the risk due to Wechselberg's careless driving as a matter of law.   In view of the fact that there must be a new trial we shall not discuss the evidence, it being considered that there is evidence sufficient to sustain the verdict.

It is next urged that the trial court erred in instructing the jury in respect to the assumption of risk and contributory negligence.   It is to be noted that the matter of contributory negligence was submitted by the third question.   The defendants asked to have the question relating ·to contributory negligence divided so as to require the jury to find whether or not the plaintiff was negligent with respect to riding in the car because of the alcoholic beverages which Wechselberg had consumed, in failing to make proper remonstrances, and in continuing to ride in the defendant Wechselberg's car after observing the rate of speed.

With respect to contributory negligence the court instructed the jury as follows:

"The third question reads as follows: Did any failure on the part of the plaintiff Biersach to exercise ordinary care for his own safety proximately contribute to produce the injuries he sustained?

"The burden of proof to establish the affirmative of this question is upon the defendant Wechselberg.

"In connection with this question you are instructed that a guest or passenger in an automobile is required to use ordinary care for his own safety, that is to say, the care ordinarily exercised by the great mass of mankind, or its type, the ordinarily prudent person, under the same or similar circumstances.   A passenger, if he sees that the driver is driving

in a manner inconsistent with the exercise of ordinary care, should make protest in such manner as would an ordinarily prudent and diligent person, after he has become, or in the exercise of ordinary care ought to have become, aware of the driver's conduct in that respect. But, on the other hand, it may be equally true that, under all the circumstances, much advice and many suggestions to the driver by some other occupant of the car is not conducive to the best management of the car. But a passenger in an automobile operated by another is bound to exercise ordinary care for his own safety, and to take such steps as the reasonably prudent person would take under the same or similar circumstances. Such passenger may not sit idly by and permit the driver to encounter or enter into open danger without protest or remonstrance and take the chance of obvious danger. Ordinary care on the part of such passenger, or lack of it, may be inferred from action, or omission to act, speaking or omitting to speak, respecting the duty, under all the circumstances, to act for his own safety as a reasonably prudent person would under like circumstances."

It is considered in view of the facts which the evidence tended to establish that the manner of submission of this issue is subject to just criticism. There is nothing in the instruction as given which directs the attention of the jury to the fact that a guest who knows the careless habits of a driver or the fact of his intoxication, if he is intoxicated, or permits the driver to continue at an unlawful and dangerous rate of speed, assumes the risk of such injuries as may be caused thereby. The rule in this respect is well established and laid down in a number of cases. See *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408. In *Fontaine v. Fontaine,* decided October 13, 1931 (205 Wis. 570, 238 N. W. 410), the charge was more explicit than in this case, but the court said:

"In starting upon the trip she [plaintiff] accepted his skill and experience as a driver. If the accident happened because of his lack of skill and experience in managing a car in gravel, then the consequences of such lack of skill and ex-

perience were assumed by her on the trip. This principle should have been more forcibly impressed upon the jury. If it did not constitute a special question in the verdict, then it should have been made much clearer to the jury than the instructions did make it that under the verdict as submitted it did constitute an element of contributory negligence."

The instruction in this case is subject to the same criticism. The trial court may have hesitated to use the term "assumption of risk" because of the remark made in *Knauer v. Joseph Schlitz B. Co.* 159 Wis. 7, 149 N. W. 494, as follows:

"It is not difficult to see that the two may co-exist, as between employee and employer, and absence of one and presence of the other may also co-exist, and that assumption of the risk, in its technical sense, does not apply as between persons having no contractual relations."

We shall not enter upon a dissertation in an endeavor to distinguish between contributory negligence and assumption of risk. What was said in the *Knauer Case* was to some extent departed from in *Fandek v. Barnett & Record Co.* 161 Wis. 55, 150 N. W. 537. It is difficult to see any distinction between the duty of a person to exercise care for his own safety in face of a known risk due to a defective machine, for instance, and his failure to exercise ordinary care for his own safety in face of a hazard due to the carelessness or incompetency of the driver of a vehicle in which he is a guest, although the relationship may arise out of contract in one case and the other is merely a social relationship. To the lay mind at least the term "assumption of risk" is distinguished from that of "contributory negligence," because contributory negligence involves fault and assumption of risk does not. While the notion of fault is involved in so-called assumption of risk, it is not so apparent. We see no reason why the term "assumption of risk" should not be used in instructing a jury with respect to the duty of a guest

to exercise care for his own safety. The circumstances which attend the ordinary host-and-guest relationship are such as to suggest use of the term "assumption of risk" as opposed to "contributory negligence," whatever the differences and likenesses of the two terms may be when subjected to a critical legal analysis. When the evidence presents an issue in regard to assumption of risk, it should be submitted by an appropriate question or questions. *Gherke v. Cochran*, 198 Wis. 34, 222 N. W. 304, 223 N. W. 425; *Berrafato v. Exner*, 194 Wis. 149, 216 N. W. 165. While a general question with proper instructions may cover the matter from a technical legal standpoint, it in fact does not as a practical matter disclose to the jury the real question which it is called upon to determine.

The judgment in this case must be reversed in any event because the verdict is fatally defective. It is to be noted from the verdict that Juror Leonard disagreed on all answers concerning defendants' negligence. Jurors Leonard and Loebe disagreed on the answer relating to contributory negligence, and Jurors Melzer and Leonard disagreed as to the damages. This matter was brought to the attention of the trial court, and in its decision the court said:

"Jurors Leonard and Seefeld dissented from the answers (subdivision 'b' of the first and second questions) finding that the defendant failed to exercise ordinary care with respect to his control of his automobile and that such failure was an efficient cause of plaintiff's injuries. Jurors Leonard and Melzer did not concur in the findings as to damages. This left an identity as to only nine concurring jurors as to these three questions taken as one group.

"This point, however, falls out of the case because excessive and dangerous speed causing said injuries was found by the same ten jurors who assessed the damages. The evidence convincingly supports these findings, hence plaintiffs are entitled to recover upon that ground alone, unless assumption of risk exists as a matter of law."

It is not disclosed, but it is possible, that the court reached the conclusion it did upon the strength of *Will v. Chicago, M. & St. P. R. Co.* 191 Wis. 247, 210 N. W. 717, where it was held that if ten jurors agreed upon a finding of contributory negligence and that it was a proximate cause of the injury, whether or not the same ten jurors agreed upon other questions was immaterial. This was clearly for the reason that a finding of contributory negligence necessarily disposed of all of the issues in the case, however the other issues were found. In the instant case there could be no recovery by the plaintiff, the question of contributory negligence or assumption of risk being in the case, unless and until that matter was disposed of favorably to the plaintiff. If the jury found in favor of the plaintiff upon the question of contributory negligence, then their findings in favor of the plaintiff upon other questions would control, so that in order to make a completed verdict where there is evidence to go to the jury upon the question of assumption of risk or contributory negligence, in order to sustain a judgment in favor of the plaintiff the same ten jurors must agree upon all questions necessary to sustain the judgment, including that of assumption of risk or contributory negligence.

Plaintiff urges here that plaintiff was free from contributory negligence as a matter of law. As already indicated, that was clearly a matter for the jury.

Error is also assigned because Biersach was joined as a party plaintiff. It is considered that under well established principles Mr. Biersach was a proper party. Under sec. 102.29 (1), Stats., the defendant Builders' Mutual Casualty Company became the assignee by operation of law, but the plaintiff Biersach still had an interest in the recovery.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.