HONORE, Appellant, vs. LUDWIG, Respondent.

*February 8—May 9, 1933.*

For the appellant there was a brief by *L. E. Vaudreuil* of Kenosha, and oral argument by *Mr. Vaudreuil* and by *Mr. Joseph A. Padway* of Milwaukee of counsel.

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison and *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *L. E. Hart* of Madison.

The following opinion was filed March 7, 1933:

FAIRCHILD, J.   The trial court did not place its order granting a new trial in the field of its discretion, but based

it upon a legal conclusion that the court "committed reversible error because of the form in which comparative negligence was submitted to the jury." So we are not concerned with an error granting a new trial by a court moved thereto by reasons appealing to its sound discretion. If the learned trial court did, as a matter of law, correctly submit the questions to the jury, its conclusion based on the reasons stated in its order would be erroneous.

In the practical administration of the law of comparative negligence the form of the verdict which the court below eventually decided should have been used may for many reasons be more serviceable than the one submitted. Still the form apparently now preferred is not the only set of questions calculated to elicit the material controverted facts by the answers of the jury. This being so, the order granting a new trial must be reversed. It is conceivable that either set of questions would serve the purposes of the judicial investigation into the facts of the case. We have no disposition to dictate the form of the questions to be submitted. The trial court has charge of the trial, including the matter of forming the questions of the special verdict. It may in its discretion, and when either party, before the taking of any testimony, shall so request, it must, direct the jury to answer questions prepared by the court relating to material issues of fact. The questions are to be framed so as to admit of direct answers. Sec. 270.27, Stats. *Schumaker v. Heinemann*, 99 Wis. 251, 74 N. W. 785; *Gherke v. Cochran*, 198 Wis. 34, 222 N. W. 304, 223 N. W. 425.

There may be suggested different approaches to the issue, but the questions must be limited to the material issues of fact, and when so framed they constitute a verdict deemed sufficient. If the ultimate questions of fact are so set forth that a legal and proper judgment may be made by the court, the use of, or the failure to use, a particular set of questions cannot be error.

In the search for truth in comparative negligence cases the important thing is to have the controlling facts so developed that the trial court may be given the information on which to form its judgment and to enable it to place upon the party contributing to the damages the proportion thereof actually caused by him when a recovery is permitted under the law. It may well be that the use of questions based on percentages will serve better than more general questions, but a sufficient verdict prepared by the court will not be held erroneous because some more adaptable form may have been a more advisable method of submission of the matter. The verdict here returned discloses that the jury found respondent's negligence to be the greater of the two contributing to the result; that the damage sustained by the appellant diminished by the proportion of the loss occasioned by her negligence was $1,875.

The order granting a new trial should not have been made for the reason assigned.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs, on May 9, 1933.