SCIPIOR, Respondent, vs. SHEA and another, Appellants.*

*January 15—February 17, 1948.*

* Motion for rehearing denied, with $25 costs, on April 13, 1948.

186

For the appellants there were briefs by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David Fulton*.

For the respondent there was a brief by *Fisher, Reinholdt & Peickert*, attorneys, and *H. D. Anderson, Jr.*, of counsel, all of Stevens Point, and oral argument by *R. T. Reinholdt*.

FOWLER, J.   Shea's truck driven by Graichen was traveling on a paved road with a black line in the center and turned north into a farmer's driveway.   The plaintiff was following in his truck.   Graichen turned to the left of the center of the pavement a considerable distance before reaching the driveway into which he was intending to turn.   The plaintiff turned left intending to pass defendant's truck.   The defendant's truck continued on the left of the center of the road and entered the driveway ahead of the plaintiff.   The plaintiff's truck collided with two culverts under the farmer's driveway and sustained the injuries involved.

Individual jurors, five in all, dissented from the answers returned to certain questions of the verdict.   The only question raised by the appeal is whether the verdict is valid.   The trial court held the verdict valid and entered judgment upon it for the plaintiff for sixty-five per cent of the damages assessed.

The verdict returned reads as follows:

"Question 1: At or immediately prior to the accident was Verlyle Graichen negligent in any of the following respects:

"(A)  In respect to turning his truck onto the left lane of travel of the concrete roadway?

"Answer: Yes.   Dissenting: None.

"(B)  In respect to maintaining a proper lookout?

"Answer: Yes.   Dissenting: None.

"(C)  In respect to not giving a manual signal of his intention to turn?

"Answer: Yes, 10.   Dissenting: 2, Augusta Larson, Mabel Peters.

"Question 2: If you answer 'yes' to any of the inquiries contained in the first question, then answer the corresponding inquiries here following:

"Was the accident a natural result of such negligence:

"(A)  In respect to turning his truck onto the left lane of travel of the concrete roadway?

"Answer: Yes, 10.   Dissenting: 2, Augusta Larson, Mabel Peters.

"(B)  In respect to maintaining a proper lookout?

"Answer: Yes.

"(C) In respect to not giving a manual signal of his intention to turn?

"Answer: 12.

"Question 3: At or immediately prior to the accident was Ben Scipior negligent in any of the following respects:

"(A) In respect to the speed at which he operated his truck?

"Answer: 10, yes. Dissenting: 2, Arthur D. Larson, Esther Hass.

"(B) In respect to maintaining a proper lookout?

"Answer: Yes, 10. Dissenting: 2, Frank Trader, Arthur D. Larson.

"(C) In respect to control and management of his truck?

"Answer: Yes, 10. Dissenting: 2, Frank Trader, Arthur D. Larson.

"(D) In respect to not sounding the horn on his truck before passing or attempting to pass?

"Answer: No.

"Question 4: If you answer 'yes' to any of the inquiries contained in the third question, then answer the corresponding inquiries here following:

"Was the accident a natural result of such negligence:

"(A) In respect to the speed at which he operated his truck?

"Answer: No.

"(B) In respect to maintaining a proper lookout?

"Answer: 11, Yes. Dissenting: 1, Arthur D. Larson.

"(A) In respect to the speed at which he operated his truck?

"Answer: 11, Yes. Dissenting: 1, Arthur D. Larson.

"(D) In respect to not sounding the horn on his truck before passing or attempting to pass? '

"Answer: No.

"Question 5: If by your answers to the preceding questions you find that Verlyle Graichen and Ben Scipior were negligent, and that their negligence was a cause of the accident, then answer this question:

"What proportion of the total negligence which produced the accident is attributable to:

"(A) To Verlyle Graichen?

"Answer: 65.

"(B) To Ben Scipior?

"Answer: 35.

"Question 6: At what sum do you assess Ben Scipior's damages?

"Answer: Doctor, hospital and ambulance bills.    By the Court: $629.50.

"(B)  Nursing?

"Answer: $480.

"(C)  Loss of earnings?

"Answer: $1,100.

"(D)  Damage to his truck and trailer?

"Answer: $2,000.

"(E)  Pain and suffering and permanent disability?

"Answer: $7,000."

The defendants' brief states the question raised by the appeal as follows: "Is the verdict returned in this case, to which five jurors dissented, valid under the five-sixths rule?"    However, a question precedent to this one arises.    The court should have refused to receive the verdict in the first instance until it had been sent back to the jury for answer to question 2 (C) which was not answered by the jury at all.    Without such answer the verdict is not a constitutional verdict under sec. 5, art. I, of the constitution and sec. 270.25 (1), Stats.    The statute has been construed under the constitutional provision to mean that every question in a special verdict that is essential to support a judgment must be answered by at least ten and the same ten or more jurors.    *Dick v. Heisler,* 184 Wis. 77, 198 N. W. 734.    Covered by this statement is the proposition that in a tort case under the comparative-negligence statute, sec. 331.045, it is necessary for at least the same ten jurors to agree on every question that it is necessary for them to consider in answering the question of comparative negligence.    The result of these two propositions is that the same ten jurors must agree as to the items of causal negligence found and the comparative effect of the causal negligence of the parties in producing the resulting damages.    *Biersach v. Wechselberg,* 206 Wis. 113, 238 N. W. 905; *Stylow v. Milwaukee E. R. & T. Co.*

241 Wis. 211, 5 N. W. (2d) 750; *Haase v. Employers Mut. Liability Ins. Co.* 250 Wis. 422, 27 N. W. (2d) 468.

Taking up the precise question stated above in the defendants' brief as the only question raised,—is the verdict valid under the five-sixths rule,—the statute, sec. 270.25 (1) reads:

"A verdict or answer agreed to by five sixths of the jurors shall be the verdict or answer of the jury."

There were twelve jurors in the instant case. The statute as above stated has been construed to mean that where there is a jury of twelve to support a judgment at least ten and the same ten jurors must agree upon all questions essential to support the judgment entered upon it. If it is so agreed it is not necessary that all the questions submitted by the verdict be agreed to by the same ten jurors. Thus questions not essential to judgment because immaterial or because rendered immaterial by the answers found to other questions by all or ten agreed jurors may be disagreed to by three or more jurors. It is therefore necessary to consider whether in the instant verdict, although it appears on its face that five of the twelve jurors did not agree to all the questions submitted, that the same ten agreed to all questions necessary to support a verdict for the plaintiff. It may be possible to have this number of dissenting jurors and still have ten jurors agreeing to all such answers as are essential to support a judgment in favor of plaintiff. The particular question is,—does the instant verdict satisfy the five-sixths rule,—and whether it does it must be examined to determine whether in the instant situation the dissents affect the validity under the rule. Each item of negligence submitted is submitted in two aspects—did it exist, and is it causal? If an item of negligence is found by ten jurors but that item is found not causal, that two jurors dissented as to the existence of the item renders their dissent ineffectual as to validity. Thus the dissent of Arthur D. Larson and Esther Hass to Question 3 (A) of the instant verdict, in view of the answer

to 4 (A) of the verdict, is ineffectual under the five-sixths rule. Negligence as to speed being out of the case because found not causal by all twelve jurors, the vote of the two dissenting jurors on the question of comparative negligence would not be affected by reason of their dissent as to the answer to 3 (A) as to speed being negligent.

Not so, however, as to the jurors Augusta Larson and Mabel Peters who dissented to answers to two questions of the verdict respecting the negligence of the defendant. By 1 (A) twelve jurors found Graichen negligent for being on the left side of the road; by 1 (B) twelve jurors found Graichen negligent as to lookout; by 1 (C) ten jurors found Graichen negligent for not signaling a left turn, but Augusta Larson and Mabel Peters dissented. These two also dissented in 2 (A) in respect to being on the left side of the road being causal. These dissenters thus agreed only as to one ground of Graichen's negligence, lookout, being causal, yet by 5 (A) agreed that Graichen was sixty-five per cent causally negligent. The ten other jurors agreed Graichen's negligence in two respects was causal and also agreed that his negligence was sixty-five per cent causal. The basis of the ten and the two being different their answers to the question on comparative negligence are necessarily conflicting and their vote on comparative negligence must be excluded in considering whether the comparative-negligence question is agreed to by ten jurors.

As to plaintiff's negligence questions covering four grounds were submitted: speed, lookout, control, and not sounding horn to signal intention to pass. All twelve jurors in 3 (D) voted no negligence as to the last. Speed was voted not causal in 4 (A), and was thus eliminated as ground of responsibility. Two jurors, Frank Trader and Arthur D. Larson voted no negligence as to lookout and control. Larson also voted that neither plaintiff's lookout nor control of his car was causal. Yet each of these jurors voted on the comparative-negligence question, 5 (B), that thirty-five per cent of the negligence that

produced the accident was attributable to plaintiff. Manifestly their answers to the questions respecting negligence and comparative negligence are conflicting and their vote on the comparative-negligence question must be excluded in considering whether ten jurors agreed on that question. It thus appearing that the votes of four jurors on that question are excluded, only eight jurors agreed on the question of comparative negligence and the verdict as a whole is invalid for the reason that ten or more jurors did not agree on all questions necessary to support the verdict.

As we view the case the above requires reversal notwithstanding contentions of plaintiff's counsel which we will now discuss briefly that certain questions of negligence and causation exist as matter of law and the dissents of the jurors on these questions are ineffectual to invalidate a verdict under the five-sixths rule. Whether negligence and causation exist as matter of law or upon findings of the jury does not affect the basis of our decision, which rests on the insufficiency of the number of the jury agreeing to the finding on comparative negligence. However, as there must be a new trial we will state briefly why we consider the questions submitted were questions for the jury.

Counsel for plaintiff contend that the defendant as matter of law violated secs. 85.15 (1) and 85.16 (2), Stats., and this by intendment of the statute was a proximate cause of the accident. From this standpoint counsel contend that the dissent of a juror to questions relating to negligence or causation is ineffective under the five-sixths rule. These statutes refer to vehicles when traveling along the highway without intention of the driver to make a left turn into a driveway in doing which he must necessarily invade the left side of the road. The instant invasion was made while Graichen was making such turn. Sec. 85.17 governs Graichen's right as to turning left into a driveway so far as it is governed by statute, and the point of question 1 (A) is, did Graichen start his turn so far back

from the driveway that he should be considered as traveling along the highway rather than turning left into the driveway, and that was a jury question. The point as to dissent of jurors here being ineffectual under the five-sixths rule is met by what is said in the opinion relating to the dissent of jurors Augusta Larson and Mabel Peters. Their dissent was effectual because inconsistent with the finding on comparative negligence.

Counsel for plaintiff also contend that under the evidence the plaintiff was not negligent as to either lookout or management and control. The claim is that plaintiff at all times saw the truck ahead of him. But lookout also involved the ditch and the culvert and proximity of the trucks to the driveway and the culvert. We consider the questions of plaintiff's negligence in both respects were for the jury and the dissent of the jurors Frank Trader and Arthur D. Larson, like the dissents of Augusta Larson and Mabel Peters, were effectual to invalidate the verdict for inconsistency with the finding upon comparative negligence.

*By the Court.*—The judgment of the circuit court is reversed and the cause is remanded with direction for a new trial.