AUGUSTIN (Lois), Plaintiff and Respondent, vs. MILWAU-KEE ELECTRIC RAILWAY & TRANSPORT COMPANY, Defendant and Appellant: AUGUSTIN (Frank) and another, Defendants and Respondents.*

*October 9—November 6, 1951.*

* Motion for rehearing denied, with $25 costs, on January 8, 1952.

628

For the appellant there were briefs by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat.*

*Cornelius P. Hanley* of Milwaukee, for the respondent Lois Augustin.

For the respondents Frank Augustin and General Accident Assurance Corporation there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* and *Irving T. Babb* of counsel, all of Milwaukee, and oral argument by *Mr. Babb.*

*Terence N. Hickey* of Menomonie, for the respondent Frank Augustin.

MARTIN, J. The testimony recited above is sufficient to show the conflict presented by the evidence. The issues as to the negligence of the motorman and of Frank Augustin were properly for the jury and there is ample evidence to sustain the jury's findings thereon.

The principal question involved in this appeal is whether the verdict returned by the jury is sufficient to sustain a judgment. The appellant Transport Company bases its appeal upon the contention that the verdict was complete

as to said company and the trial court should have granted its motion for judgment on the verdict dismissing the complaint and cross complaints against it.

Sec. 270.25, Stats. 1949, provides:

"(1) A verdict or answer agreed to by five sixths of the jurors shall be the verdict or answer of the jury."

This section has been discussed in many cases and one of the latest, and clearest, expressions of the rule is contained in *Scipior v. Shea* (1948), 252 Wis. 185, 190, 31 N. W. (2d) 199, where it was said:

"There were twelve jurors in the instant case. The statute as above stated has been construed to mean that where there is a jury of twelve to support a judgment at least ten and the same ten jurors must agree upon all questions essential to support the judgment entered upon it. If it is so agreed it is not necessary that all the questions submitted by the verdict be agreed to by the same ten jurors."

Questions 1 and 2 of the verdict here contained all the essentials necessary for the jury to determine with regard to causal negligence on the part of the Transport Company. Of the three subdivisions of question 1 two were answered "No" with no dissents; the third was answered "No" with two jurors dissenting. Question 2, the subdivisions of which were to be answered only if any of the portions of question 1 had been answered "Yes," was not answered.

In discussing five-sixths verdicts in the case of *Will v. Chicago, M. & St. P. R. Co.* (1926), 191 Wis. 247, 254, 210 N. W. 717, the court observed that:

"When in cases of this kind a special verdict is submitted to the jury it generally contains one set, or one or more sets, of questions which may determine, independently of all the others, the essential elements of such a case."

Having determined that no causal negligence was established on the part of the Transport Company by the agree-

ment of ten jurors on all questions in regard thereto, the verdict was complete as to the appellant. All the essential elements of the plaintiff's case against the Transport Company were determined in its favor by five sixths of the jury. The trial court, therefore, should have granted the motions made by appellant for judgment on the verdict dismissing the complaints and cross complaints against it.

The verdict was likewise complete as to the negligence of defendant Frank Augustin. Subdivisions A and B of question 3 with respect to speed and lookout were answered "No" unanimously. Subdivision C with respect to management and control was answered "No" with two jurors dissenting. Subdivision D with respect to yielding the right of way to the streetcar was answered "Yes" by all twelve. On question 4 (causation) only subdivision D was answered "Yes" with no dissents. The finding of Augustin's negligence by the unanimous answer to question 3-D makes immaterial the two dissents in subdivision C.

The answer to question 6 in which the jury assessed plaintiff's damages at $27,500 was dissented to by two jurors. Those dissents are the only ones to be considered, the dissents in question 3-C having been rendered immaterial because of the unanimous answer to question 3-D. Clearly, sec. 270.25 (1), Stats., is satisfied by the answer as to damages.

So far as the essential elements of the plaintiff's case against the defendant Augustin were concerned, they were established by the unanimous finding of negligence with respect to failure to yield the right of way. The dissents in question 3-C were immaterial. It was held in the *Scipior Case, supra* (p. 190):

". . . *questions not essential to judgment* because immaterial or *because rendered immaterial by the answers found to other questions by all or ten agreed jurors* may be disagreed to by three or more jurors." (Emphasis ours.)

*Haase v. Employers Mut. Liability Ins. Co.* (1947), 250 Wis. 422, 430, 27 N. W. (2d) 468, was an automobile accident case in which the jury found each of the two drivers guilty of negligence, attributing eighty-five per cent to Lemke and fifteen per cent to Haase. Since negligence was found on the part of both drivers, the questions in the special verdict in regard to negligence, the questions regarding comparison, and the questions as to assessment of damages could not be determined independently of one another. The court properly held that the verdict was defective because there "was not the required concurrence of at least ten jurors in all findings of the facts essential to entitle Haase to the recovery of eighty-five per cent of the jury's assessment of $5,000 as the damages for his permanent injury. . . ."

The action in *Biersach v. Wechselberg* (1931), 206 Wis. 113, 120, 238 N. W. 905, was by a guest against the host-driver. The verdict included a question on assumption of risk by the plaintiff. One juror dissented to answers on all questions. Three others dissented on various questions—one, to the finding of defendant's negligence with respect to control; the same one, to the finding of causation of negligence with respect to control; a third, to the finding of no failure of plaintiff to exercise ordinary care for his own safety; and a fourth, on the question of damages. It was there held:

"In the instant case there could be no recovery by the plaintiff, the question of contributory negligence or assumption of risk being in the case, unless and until that matter was disposed of favorably to the plaintiff. If the jury found in favor of the plaintiff upon the question of contributory negligence, then their findings in favor of the plaintiff upon other questions would control, so that in order to make a completed verdict where there is evidence to go to the jury upon the question of assumption of risk or contributory negligence, in order to sustain a judgment in favor of the plaintiff the same ten jurors must agree upon all questions

necessary to sustain the judgment, including that of assumption of risk or contributory negligence."

As in the *Haase Case, supra,* this was a case where a plaintiff's negligence was for the jury and the verdict had therefore to be considered as a whole in the test of its validity under sec. 270.25 (1), Stats.

We have been unable to find any case in which the facts are as they exist in the instant case. There was no question of contributory negligence or assumption of risk on the part of plaintiff to be determined here. The verdict is complete in its finding of no causal negligence on the part of the Transport Company. It is also complete in its finding of causal negligence on the part of Frank Augustin, and in its assessment of plaintiff's damages for which he is liable. Plaintiff's motion for judgment on the verdict against Frank Augustin and General Accident Assurance Corporation should therefore have been granted.

The record discloses that the questions included in the verdict were approved by all parties. However, counsel for defendant Frank Augustin and for plaintiff Lois Augustin contend that the trial court erred in refusing to give the jury an instruction, in connection with that given on the right of way of the streetcar, to the effect that West Kilbourn avenue at the intersection involved is divided into two lanes by safety islands and that therefore West Kilbourn avenue at the intersection is in effect two streets. It is our opinion that the trial court properly denied this request.

The basis upon which counsel contend that Kilbourn avenue is in effect two streets is sec. 85.10 (21) (f), Stats., which defines a divided highway as a "highway with two or more roadways separated by spaces not used by vehicular traffic." The safety islands located at the intersection of Kilbourn and North Plankinton avenues are elevated safety zones defined in sec. 85.10 (26). Sub. (25) of that section defines a safety zone as:

"The area or space officially set apart *within a highway* for the exclusive use of pedestrians or passengers or prospective passengers of public conveyances, and which is protected or is so marked or indicated by adequate signs or marks as to be plainly visible at all times when set apart as a safety zone."

West Kilbourn avenue at the intersection involved is over one hundred twelve feet wide. The islands are located "within" the highway for the express use and protection of the pedestrians crossing it. The situation is not comparable to those in the cases of *Geyer v. Milwaukee E. R. & L. Co.* (1939), 230 Wis. 347, 284 N. W. 1, and *Heintz v. Schenck* (1922), 176 Wis. 562, 186 N. W. 610.

*By the Court.*—Order reversed and causes remanded with directions to enter judgment in conformance with this opinion.

* Motion for rehearing denied, with $25 costs, on January 8, 1952.