FLEISCHHACKER and another, Respondents, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Appellants.

*November 8—December 4, 1956.*

For the appellants there was a brief by *Kivett & Kasdorf,* attorneys, and *John R. Henderson* of counsel, all of Milwaukee, and oral argument by *Mr. Henderson.*

For the respondents there was a brief by *Galin & Jacobson,* attorneys, and *Benjamin P. Galin* and *Gerald L. Bass* of counsel, all of Milwaukee, and oral argument by *Benjamin P. Galin.*

WINGERT, J. The five-sixths verdict statute, sec. 270.25 (1), provides in part that "If more than one question must be answered to arrive at a verdict on the same cause of action, the same five sixths of the jurors must agree on all such questions." The quoted provision, enacted by ch. 36, Laws of 1951, is consistent with the decisions of this court.

It has often been held that in order to have a good verdict, the same ten jurors must concur in the answers to all questions which are necessary to support a judgment. *Biersach v. Wechselberg,* 206 Wis. 113, 120, 238 N. W. 905; *Stylow v. Milwaukee E. R. & T. Co.* 241 Wis. 211, 218, 5 N. W. (2d) 750; *Haase v. Employers Mut. Liability Ins. Co.* 250 Wis. 422, 430, 27 N. W. (2d) 468; *McCauley v. International Trading Co.* 268 Wis. 62, 70, 66 N. W. (2d) 633. Appellants contend that the verdict in the present case should be sustained under that rule, because all the jurors but Strukel and Spindler agreed in finding that plaintiff was contributorily negligent, that her negligence was causal, and that 80 per cent of the total causal negligence was attributable to her; and thus the same ten jurors agreed on all questions necessary to support a judgment for the defendant.

However, there is a further requirement for a valid verdict when a comparison of negligence is called for. In such a case "it is necessary for at least the same 10 jurors to agree on every question that it is necessary for them to consider in answering the question of comparative negligence. . . . the same 10 jurors must agree as to the items of causal negligence found and the comparative effect of the causal negligence of the parties in producing the resulting damages." *Scipior v. Shea,* 252 Wis. 185, 189, 31 N. W. (2d) 199.

In that case, which controls the present one, 10 or more jurors found that defendant's driver Graichen was causally negligent in turning into the left lane and in not maintaining a proper lookout; and 10 or more jurors found the plaintiff Scipior causally negligent with respect to lookout and in the control of his car. Two jurors dissented from the finding that Graichen's negligence in turning into the left lane was causal. Another two jurors dissented from the findings that plaintiff was negligent with respect to lookout and control, and one of them dissented in the finding that plaintiff's negligence with respect to lookout was causal. The jury unani-

mously apportioned the negligence 65 per cent to Graichen and 35 per cent to plaintiff, and unanimously agreed on plaintiff's damages.

This court held the verdict defective because only eight of the jurors agreed to all of the findings of negligence and causation on which the comparison of negligence was based. Referring to the findings with respect to Graichen's negligence, the court said:

"These dissenters thus agreed only as to one ground of Graichen's negligence, lookout, being causal, yet by 5 (A) agreed that Graichen was 65 per cent causally negligent. The 10 other jurors agreed Graichen's negligence in two respects was causal and also agreed that his negligence was 65 per cent causal. The basis of the 10 and the two being different their answers to the question on comparative negligence are necessarily conflicting and their vote on comparative negligence must be excluded in considering whether the comparative-negligence question is agreed to by 10 jurors." (252 Wis. at p. 191.)

Regarding the dissents on the questions of plaintiff's negligence, the court proceeded:

"Two jurors, Frank Trader and Arthur D. Larson voted no negligence as to lookout and control. Larson also voted that neither plaintiff's lookout nor control of his car was causal. Yet each of these jurors voted on the comparative-negligence question, 5 (B), that 35 per cent of the negligence that produced the accident was attributable to plaintiff. Manifestly their answers to the questions respecting negligence and comparative negligence are conflicting and their vote on the comparative-negligence question must be excluded in considering whether 10 jurors agreed on that question." (252 Wis. at pp. 191, 192.)

From those observations, the court concluded:

"It thus appearing that the votes of four jurors on that question are excluded, only eight jurors agreed on the question of comparative negligence and the verdict as a whole is

invalid for the reason that 10 or more jurors did not agree on all questions necessary to support the verdict." (252 Wis. at p. 192.)

The *Scipior Case* thus holds in effect that jurors who dissent from a finding of negligence or its causality, which is material to a comparison of negligence, are disqualified from answering the question of comparative negligence.

The proposition thus established is fatal to the verdict in the instant case. Jurors Stachowiak and Holmes dissented from the finding that defendant Kroner was causally negligent with respect to lookout. Jurors Strukel and Spindler dissented from the findings that plaintiff was causally negligent with respect to crossing the intersection against the red light and with respect to lookout. Thus four jurors were disqualified from answering the comparative-negligence question, leaving only eight to participate in that essential answer. Therefore, it was not the required verdict of five sixths of the jurors, and the trial court was right in granting a new trial.

There is nothing to the contrary in *Will v. Chicago, M. & St. P. R. Co.* 191 Wis. 247, 210 N. W. 717, or *Augustin v. Milwaukee E. R. & T. Co.* 259 Wis. 625, 49 N. W. (2d) 730, on which appellants rely. Neither of those cases required a comparison of negligence. In *Will,* the same 10 jurors agreed that the defendant was not negligent, which was the only finding required to support a judgment for the defendant. In *Augustin,* where a guest passenger in an automobile sued the host-driver and a streetcar company for injuries resulting from a collision between the automobile and a streetcar, 10 jurors agreed to a finding that the operator of the streetcar was not negligent, which was all that was necessary to support a judgment for the streetcar company; and on the separate cause of action against the host, a different 10 jurors agreed that the host was causally negligent and on the amount of plaintiff's damages, which was all that

was necessary to support a judgment for the plaintiff against the host, since there was no question of contributory negligence on the plaintiff's part.

*By the Court.*—Order affirmed.