VOGT, Administratrix, Plaintiff and Respondent, v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Defendant: MILWAUKEE MUTUAL INSURANCE COMPANY and another, Defendants and Appellants.

*June 7—June 30, 1967.*

718

For the appellants there was a brief by *Thomas J. Regan,* and oral argument by *Denis J. Regan,* both of Milwaukee.

For the respondent there was a brief by *Charne & Tehan,* and oral argument by *William E. McCarty,* all of Milwaukee.

HANSEN, J.   This appeal presents three issues:

1. Was the special verdict rendered invalid because of the dissents of three jurors on the questions of causal negligence, comparative negligence, and damages?

2. Did the trial court err in refusing to strike certain testimony of Mrs. Kroha relating to pecuniary loss, and, if not, was the pecuniary loss award excessive?

3. Was the deceased causally negligent?

*Was the Special Verdict Defective?*

We find no precedent governing the precise factual situation in this case.

Defendant urges that the verdict is fatally defective and that the case should therefore be remanded for a new trial.

The question presented involves sec. 270.25 (1) of the Wisconsin statutes, which provides:

"A verdict agreed to by five-sixths of the jurors shall be the verdict of the jury. If more than one question must be answered to arrive at a verdict on the same cause of action, the same five-sixths of the jurors must agree on all such questions."

The jury verdict found both the deceased and defendant Meyer negligent and that such negligence was causal as to each. One juror dissented to the finding of negligence on the part of the decedent and to the finding that such negligence was causal as to the decedent and also to the assessment of 95 percent of the causal negligence to defendant Meyer. He did not dissent to the assessment of 5 percent of the causal negligence to the decedent. Two different jurors dissent to the amount determined as pecuniary loss.

Judgment was entered against the defendant on the basis of the 95 percent assessment. The dissenting juror on the questions of negligence, cause and comparison, would have been more consistent had he also dissented to the 5 percent assessment against the deceased.

The judgment entered on the verdict is not challenged by the plaintiff but rather by the defendant.

We concur with the decision of the trial judge in this particular case wherein he stated:

". . . it can fairly be said that the same ten jurors agreed upon all of the questions necessary to support the judgment . . . and holds that there is a valid verdict in favor of the plaintiff."

One of the jurors that agreed on the amount of damages is the one who dissented on the questions of negligence, causation, and comparison. He would have gone further and found the plaintiff not causally negligent, thereby increasing the judgment for the plaintiff from 95 percent to 100 percent. The defendant should not be permitted to attack the verdict on this ground. Since the verdict as a whole was for the plaintiff, the dissent as to the negligence of the deceased can only be inter-

preted as evincing a belief that the verdict should have been for the plaintiff, only more so. Therefore, it follows that the dissent is not essential to support the verdict for the plaintiff and the verdict is complete and the defendant is in no way prejudiced by the dissent.

The rule of the five-sixths verdict is well stated in *Scipior v. Shea* (1948), 252 Wis. 185, 190, 31 N. W. (2d) 199:

"The statute as above stated has been construed to mean that where there is a jury of 12 to support a judgment at least 10 and the same 10 jurors must agree upon all questions essential to support the judgment entered upon it. If it is so agreed, it is not necessary that all the questions submitted by the verdict be agreed to by the same 10 jurors."

The dissent of the juror on the negligence questions is rendered immaterial and nonessential by the answers found to the other questions by the 10 agreed jurors.

*Testimony of Widow and Excessive Damages.*

This court has consistently held the rule to be that the evidence of pecuniary loss in a wrongful-death case need not be exacting or very strong to sustain a jury award, and that a jury award will not be overturned unless it is so large as to indicate bias, passion or perversion of judgment on the part of the jury. *Mertens v. Lundquist* (1962), 15 Wis. (2d) 540, 113 N. W. (2d) 149; *Wing v. Deppe* (1955), 269 Wis. 633, 70 N. W. (2d) 6; *Swanson v. State Farm Mut. Automobile Ins. Co.* (1953), 264 Wis. 274, 279, *et seq.*, 58 N. W. (2d) 664, and other authorities cited in the aforementioned cases.

The deceased and his wife had been married about thirty-five years and never separated for more than a week. They had a close husband and wife relationship. He was retired, in good health, and had a life expectancy of about eight and one-half years. He was retired from

the Crocker Electric Company in 1959, where he had been employed doing electrical work. He had a workshop in his basement where he spent many hours doing electrical work and he also did electrical work in the homes of other people. He kept some books and records which were introduced in evidence but they were incomplete. His wife was permitted to testify that he made about $100 per month from the time of his retirement until his death. Although there were no specific books of record to support this specific testimony, the trial court permitted it to stand as a matter of record. Considering the close marital relationship of the parties, the weight and competency of her testimony was properly a jury determination. This testimony was also corroborated by that of their daughter who also maintained a close contact with her father. She visited him two or three times a week and talked with him on the telephone every day. She testified that her father earned about $1,200 per year and paced himself so that he would not exceed this amount because of his social security. Considering the life expectancy of the decedent to be over eight years, the jury determination of $7,000 for pecuniary loss is not excessive and based upon all of the evidence, the trial court did not err in refusing to strike the widow's testimony as to her husband's earnings.

### Causal Negligence of Decedent.

The jury found the deceased to be five percent causally negligent. The plaintiff-respondent has filed a notice of review and urges that there is no credible evidence to support a finding of 5 percent causal negligence on the part of the decedent. Upon appeal, this court directs its attention to an examination of the record for any credible evidence which under any reasonable view admits of an inference supporting the finding of the jury. *St. Paul Fire & Marine Ins. Co. v. Burchard* (1964), 25

Wis. (2d) 288, 293, 130 N. W. (2d) 866. There is testimony that immediately preceding the accident, the deceased was talking with the driver and another passenger. The jury may well have believed the deceased was partially negligent either because he did not see the train before the last minute, or that he was to some extent distracting the driver by engaging him in conversation. A finding of 5 percent causal negligence on the part of the deceased based upon the facts of this case is well within the province of the jury.

*By the Court.*—Judgment affirmed.

HALLOWS, J. (*dissenting*). Either a verdict is valid or not and its validity does not depend upon which party raises the question. There is no such thing as a voidable verdict. Why should the defendant be barred from attacking the verdict? It is not a question of its being prejudiced but whether the jury returned a verdict valid under sec. 270.25 (1), Stats. No matter how one reasons, the same 10 jurors did not agree to the same answers to the essential questions upon which the judgment for recovery is based. The majority opinion would disregard the dissent because it interprets the dissent as evincing a vote for a greater percentage of negligence on the part of the defendant. By the same reasoning if six jurors had believed the plaintiff should recover 95 percent of his damages and the other six believed the plaintiff should recover 100 percent, a judgment for 95 percent could be sustained because all the jurors at least "agreed" on 95 percent. True in mathematics, the whole includes all its parts, but an objection to 95 percent by a juror is still an objection although 95 is part of 100. In this case by no logic is a dissent to the answers to the negligence questions rendered immaterial by the answer to the damage question by the dissenting juror and nine other jurors. I respectfully dissent and would grant a new trial.