LORBECKI, Respondent, v. KING and others, Appellants.

*No. 136. Argued November 30, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 226.)

464

For the appellants there was a brief by *Edward P. Rudolph* and *Rudolph & Moore,* all of Milwaukee, and oral argument by *Edward P. Rudolph.*

For the respondent there was a brief and oral argument by *Burton A. Strnad* of Milwaukee.

BEILFUSS, J. The issue on this appeal is whether the verdict is defective because of the dissents of three of the jurors.

In its memorandum opinion on motions after verdict, filed on April 14, 1969, the trial court held that the verdict was fatally defective on the question of liability under the rule of *Scipior v. Shea* (1948), 252 Wis. 185, 31 N. W. 2d 199, and *Fleischhacker v. State Farm Mut. Automobile Ins. Co.* (1956), 274 Wis. 215, 79 N. W. 2d 817, which interpreted sec. 270.25 (1), Stats.,[1] to require the same 10 jurors to agree on all the questions of negligence and cause and on the question of comparative negligence. The juror Mouton dissented from the jury's answer to the negligence and causation questions regarding the defendant King, believing him not to be negligent and, since jurors Lewitz and Wielgus dissented from the jury's answer to the comparison of negligence question, the court found that the same 10 jurors did not agree on all the material questions essential to a valid verdict, and ordered a new trial.

---

[1] "A verdict agreed to by five-sixths of the jurors shall be the verdict of the jury. If more than one question must be answered to arrive at a verdict on the same cause of action, the same five-sixths of the jurors must agree on all such questions."

In ordering a new trial on the issues of liability the trial court relied on the interpretation of sec. 270.25 (1), Stats., set forth in *Scipior v. Shea, supra,* which held that when a comparison of negligence is called for it is necessary for at least the same 10 jurors to agree as to the items of causal negligence found, and the comparative effect of the causal negligence of the parties in producing the resulting damages. In *Scipior* there were no dissents to the comparison of negligence question, but there were dissents by various jurors to findings of negligence and causation with respect to the plaintiff and the defendant. In effect, that case held that jurors who dissent from a finding are disqualified from answering the question of comparative negligence.

Applying that rule to the instant case would require excluding juror Mouton's vote from the comparison of negligence question, thereby resulting in the agreement of only nine jurors on that question.

The tenor of decisions subsequent to *Scipior, supra,* clearly shows adherence to the rule that findings with respect to causal negligence and comparison must be consistent. *Fleischhacker v. State Farm Mut. Automobile Ins. Co., supra; Hupf v. State Farm Mut. Ins. Co.* (1961), 12 Wis. 2d 176, 107 N. W. 2d 185; *Strupp v. Farmers Mut. Automobile Ins. Co.* (1961), 14 Wis. 2d 158, 109 N. W. 2d 660; *United States Fidelity & Guaranty Co. v. Milwaukee & Suburban Transport Corp.* (1962), 18 Wis. 2d 1, 117 N. W. 2d 708. The last case involved a counterclaim in which one juror dissented on a causal negligence question and two others dissented on the comparison question. This court held that only nine jurors agreed on the two questions which it was necessary for them to consider upon the trial of the counterclaim.

In *Vogt v. Chicago, M., St. P. & P. R. Co.* (1967), 35 Wis. 2d 716, 151 N. W. 2d 713, the jury returned a special verdict finding the deceased party five percent causally negligent and the defendant 95 percent causal-

ly negligent. One juror dissented to the findings of negligence and cause with respect to the decedent, and also to the assessment of 95 percent of the causal negligence to the defendant. He did not dissent to the assessment of five percent of the causal negligence to the decedent. Two different jurors dissented to the amount determined as pecuniary loss. Judgment was entered against the defendant on the basis of the 95 percent assessment. The judgment was challenged by the defendant on appeal and this court agreed with the trial court, finding that there was a valid verdict in favor of the plaintiff.

In reaching that decision the court stated, at pages 720, 721:

"One of the jurors that agreed on the amount of damages is the one who dissented on the questions of negligence, causation, and comparison. He would have gone further and found the plaintiff not causally negligent, thereby increasing the judgment for the plaintiff from 95 percent to 100 percent. The defendant should not be permitted to attack the verdict on this ground. Since the verdict as a whole was for the plaintiff, the dissent as to the negligence of the deceased can only be interpreted as evincing a belief that the verdict should have been for the plaintiff, only more so. Therefore, it follows that the dissent is not essential to support the verdict for the plaintiff and the verdict is complete and the defendant is in no way prejudiced by the dissent."

In the *Vogt Case* this court clearly accepted the idea that in some circumstances a dissent may be disregarded when the result thereof operates in favor of the objecting party. It should be noted, however, that the court found that the verdict there did not violate the general rule of *Scipior, supra.* It went on to say, at page 721:

"The rule of the five-sixths verdict is well stated in *Scipior v. Shea* (1948), 252 Wis. 185, 190, 31 N. W. (2d) 199:
" 'The statute as above stated has been construed to mean that where there is a jury of 12 to support a judgment at least 10 and the same 10 jurors must agree upon all questions essential to support the judgment

entered upon it. If it is so agreed, it is not necessary that all the questions submitted by the verdict be agreed to by the same 10 jurors.'

"The dissent of the juror on the negligence questions is rendered immaterial and nonessential by the answers found to the other questions by the 10 agreed jurors."

In *Vogt,* the same 10 jurors, actually 11, did agree on the questions with respect to negligence, causation, and comparison. The other two dissents were on the question of damages, not on the question of the comparison of negligence as in the instant case. However, considering the reasoning used in *Vogt,* it is not logical to distinguish the instant case on that basis alone. Here juror Mouton would have gone further than the rest of the jury and found the defendant not causally negligent at all. Since the verdict as a whole was in favor of the defendants, the dissent as to defendant King's negligence and causation can only be interpreted as evincing juror Mouton's belief that the verdict should have been for the defendants, "only more so," in the language of *Vogt.* Excluding her answer to the comparison question would result in the anomaly of allowing the plaintiff to secure a new trial because of a failure which was not prejudicial to him.

There may be situations where cross complaints have been filed and litigated and where the rights of an additional party such as a guest are at issue and affected by the comparison of negligence question, but those variations are not before us and are not passed upon herein. In circumstances such as those presented here, where none of the parties can fairly claim any prejudice, the unsuccessful party should not be allowed a second trial.

The plaintiff-respondent has urged that if this court concludes that the verdict was not defective under the five-sixths rule, as we have done, that he should be granted a new trial in the interest of justice for the reasons set forth in his motion for a new trial but not acted upon by the trial court.

The plaintiff has not filed a motion for review as required by sec. 274.12, Stats., nor does the record contain a transcript of the testimony, nor the exhibits. Although this court may, in its discretion under sec. 270.49 (1), remand the cause for a determination of an undecided motion for a new trial, without a transcript to review we have no adequate basis for exercising that discretion, or for ordering a new trial in the interest of justice under sec. 251.09.

The request by the plaintiff-respondent to remand the record with directions to determine the motions for a new trial made in the trial court is denied.

*By the Court.*—Order reversed with directions to enter judgment dismissing the complaint.